# CASES

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—AUGUST TERM, 1898.

## Richard Thompson v. Walter M. Akin.

1. CHATTEL MORTGAGES—*Under the Act of 1895.*—The clause, "and any chattel mortgage securing notes which do not state upon their face the fact of such security, shall be absolutely void," in the act to regulate the assignments of notes secured by chattel mortgages, etc. (Laws 1895, 260), applies as well to the mortgage while in the hands of the mortgagee as after it has been assigned.

2. NOTES—*Secured by Chattel Mortgages Must so State.*—A note which is secured by a chattel mortgage and does not state the fact upon its face renders the chattel mortgage absolutely void.

3. CONSTRUCTION OF STATUTES—*When to be Considered Ambiguous.*—A statute, or any sentence, clause, or word thereof, is ambiguous when it is capable of being understood, by reasonably well-informed persons, in either of two or more senses.

4. WORDS AND PHRASES—*Meaning of the Word " Void."*—The word "void," as used in contracts, legal writings, and statutes, is often an ambiguous word, and may mean a complete nullity, or it may mean only susceptible of being held, under certain conditions, to be a nullity. It may mean absolutely and under all conditions void, or it may mean only voidable under certain conditions.

5. STATUTES—*When the Title Does Not Embrace More than One Subject.*—The title of an act is neither misleading nor does the act embrace more than one subject, because the penalty, or other means provided for the accomplishment of the purpose of the act, is not disclosed in the title.

Replevin.—Trial in the Circuit Court of Franklin County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Verdict and judgment for

plaintiff; appeal by defendant.   Heard in this court at the August term, 1898.   Affirmed.   Mr. Justice BIGELOW dissenting.   Opinion filed March 10, 1899.

C. H. LAYMAN, attorney for appellant.

W. H. WILLIAMS and HART & SPILLER, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in replevin in the Circuit Court of Franklin County, by appellee, against appellant and one William B. Martin, to recover certain horses, vehicles, harness and harness appliances, and to recover damages for the detention of the same.   The principal defense relied upon by appellant and his co-defendant on the trial in the Circuit Court was an alleged chattel mortgage from appellee to appellant, covering the property in controversy, by the terms and provisions of which mortgage appellant claimed the right to take and hold the said property.   Trial was by jury.   Verdict and judgment in favor of appellee for the property and $85 damages.

The controlling question in the case is as to the validity of the chattel mortgage.

This involves a construction of Section 1 of the Act of 1895, Hurd, 1897, Chap. 95, Sec. 25.   The section is: Be it enacted, etc., " That all notes secured by chattel mortgages shall state upon their face that they are so secured, and when assigned by the payee therein named, shall be subject to all defenses existing between the payee and the payor of said notes, the same as if said notes were held by the payee therein named, and any chattel mortgage securing notes which do not state upon their face the fact of such security shall be absolutely void."

Appellant contends that under this statute a chattel mortgage is valid between the parties, notwithstanding the note secured by it does not state upon its face that it is secured by chattel mortgage, and that such mortgage can be held to be void only when it is in the hands of one to whom the payee has assigned the note.

In Cohn v. The People, 149 Ill. 486, our Supreme Court says :

" It is one of the cardinal principles of construction that the intention of the law makers is to be found and given effect, and when there is otherwise doubt or obscurity in the act, or its meaning is doubtful, resort may be had to the title of the act to enable the court to discover the intent, and remove what otherwise might be uncertain or ambiguous."

A statute, or any sentence, clause, or word thereof, is ambiguous when it is capable of being understood, by reasonably well-informed persons, in either of two or more senses. The word void, as used in contracts, legal writings and statutes, is often an ambiguous word, and may mean a complete nullity, or it may mean only susceptible of being held, under certain conditions, to be a nullity. It may mean absolutely and under all conditions void, or it may mean only voidable under certain conditions.

Appellant contends that the principal object aimed at by the statute was to preserve to the maker of the note secured by chattel mortgage his right to defend against it in whosesoever hands it might come, to the same extent as if it had remained in the hands of the payee. We are of opinion that it was also the legislative purpose that the person to whom the payee might assign the note should have notice. The principal purpose that could be served by compliance with the requirement that the note shall state upon its face that it is secured by chattel mortgage, would be to notify persons to whom the payee might assign the note.

It is contended that when we examine the title of the act, in the light of the provision of the Constitution—" No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title"—it becomes manifest that the word " void " applies only to the mortgage after the note has been assigned by the payee therein named; that if it could apply to a mortgage when the note secured by it had not been so assigned, the title of the act would be misleading, or would be made to embrace more

than one subject.  The title of the act is :  " An act to reg-
ulate the assignment of notes secured by chattel mortgages,
and to regulate the sale of property under the power of
sale contained in chattel mortgages."

When the general purpose of an act is declared in the
title, the means for its accomplishment provided by the act
will be presumed to be intended as a necessary incident.
Larned v. Tiernan, 110 Ill. 173; Cohn v. People, 149 Ill.
486.  The title to an act is neither misleading nor does the
act embrace more than one subject because of the fact that
the penalty or other means provided in the act for the
accomplishment of the purpose of the act, are not disclosed
in the title.  The clause in the act, " And any chattel mort-
gage securing notes which do not state upon their face the
fact of such security shall be absolutely void," is in the
nature of a penalty, or means for the accomplishment of
the purpose of the act.  In our opinion, reference to the
title of the act does not strengthen appellant's position.

It would seem unreasonable that the legislature should
have intended that the penalty provided for the accomplish-
ment of the purpose of the act should not fall on any one
who could be a party to the transaction.

The qualifying word makes the meaning more certain
and emphasizes " shall be *absolutely* void."

We are disposed to hold that the act applies as well to
the mortgage while in the hands of the mortgagee as after
it has been assigned.  Many, if not all the States, have
exercised the power, to a greater or less degree, by legisla-
tion, to regulate and control the business of securing debts
by pawns and chattel mortgages.  It appears to us that the
intention of the legislature was that compliance with the
requirement " that all notes secured by chattel mortgage
shall state upon their face that they are so secured " should
be a prerequisite, a condition precedent to the validity,
for any purpose, of a chattel mortgage made to secure
a note.  That without such statement upon the face of the
note such mortgage should " be absolutely void."

This question was before the Appellate Court of the Sec-

ond District, in the case of Quaintance v. Badham, 68 Ill. App. 87, where it was held that the chattel mortgage was void, though the note had not been "assigned by the payee therein."

Some time after the execution of the papers appellant sent his son with the note to the justice of the peace who drew it, with the request that the justice insert the words, "This note is secured by chattel mortgage," and the justice, in the absence of the maker, and without his knowledge or consent, did so.

Appellant contends that appellee afterward ratified the act of the justice in inserting the words, but the evidence falls far short of proving such ratification.

Many errors are assigned, but with our view of the case it is wholly unnecessary for us to discuss them. The judgment of the Circuit Court is affirmed.

MR. JUSTICE BIGELOW, dissenting.

Under the constitution it becomes the duty of the court, in construing the act in question, to look to its title, and when this was done, it appears from it, and the body of the act itself, that the primary object of the law is, not to regulate the execution of chattel mortgages, but to regulate the assignment of notes secured by such mortgages, and that it in nowise affects the mortgage itself, until the notes secured by it are assigned, when the notes and mortgage become divorced and the latter becomes void. I am therefore of the opinion that a majority of the court have reached an incorrect conclusion in affirming the judgment, and hence I feel compelled to dissent from it.