# Flowers *v.* The State.

## *Violating Stock Law.*

(Decided July 6, 1910.   53 South. 276.)

1. *Statutes; Constitutionality; Reference to Title of Other Statutes.*—Acts, 1900-1, p. 1242, is not violative of section 45, Constitution 1901, in that section 5 refers to section 1 since it was not the purpose of the constitutional provision to prevent reference to one section of an act by another section of the same act.

2. *Same; Title of Act.*—Section 5, Acts 1900-1, p. 1242, is clearly germane to the title of the act, and hence, is not unconstitutional.

3. *Animals; Running at Large; Election.*—Where defendant is charged under the statute with permitting a cow to run at large in a stock law district, the offense is continuous in its nature and the state cannot be confined to proof of any one time.

4. *Same; Evidence.*—Where the prosecution was for allowing a cow to run at large in a stock law district, it was admissible to show that certain yearlings belonging to the defendant were seen with the cow, as tending to show that the cow belonged to the defendant and that she was permitting her stock to run at large.

5. *Same; Affidavit; Variance.*—Where the affidavit charged that defendant allowed a cow to run at large and that she was the owner thereof, she could not be convicted for allowing certain yearlings to run at large, nor could she be convicted for permitting the cow to run at large if she was not the owner thereof, whether the prosecution was under the general law applicable to owners or persons in control or under the local law applicable only to owners.

6. *Same; Instructions.*—Where the affidavit charged defendant with allowing a certain cow to run at large it is error to charge the jury that if they believed the defendant allowed cows, heifers or yearlings to run at large, they should find the defendant guilty.

7. *Evidence; Confessions; Admissibility.*—Where the defendant stated to the officer who arrested her that she had just as well plead guilty to stock running at large, such statement could be taken as inculpatory, being unexplained, and the officer having testified that no reward or inducement was offered to obtain it.

APPEAL from Coffee County Court.

Heard before Hon. J. N. HAM.

Emma Flowers was convicted of allowing a cow to run at large, and she appeals. Reversed and remanded.

In its oral charge the court read to the jury section 7813, Code 1907, and further charged the jury that if the cows or yearlings in question belonged to defendant or were under her control, and they believed the same beyond a reasonable doubt, and that she knowingly permitted said cattle to run at large off of defendant's premises, she was guilty. The following charge was refused to the defendant: (1) Unless the jury believe beyond a reasonable doubt that defendant knowingly, voluntarily, or wilfully permitted her cows to run at large off her premises, they will find her not guilty." The following charge was given for the state: "A. If the jury believe beyond a reasonable doubt that the defendant knowingly permitted live stock to run at large off her premises in Coffee county within six months before the affidavit, whether the same were cows, heifers, or yearlings, and of whatever color, you will find the defendant guilty." C. R. Talbert, who arrested Emma Flowers, testified that he made no threats, offered no reward or inducement to have her make a statement in regard to the case, and was then permitted to testify that the defendant told him that at the time she made bond that she reckoned she had just as well plead guilty to stock running at large

J. A. CARNLEY, for appellant. Section 5, of the Local Acts renders the act unconstitutional in that it refers

to another section of the act without setting it out.—
Sec. 45, Const. 1901; *Barnhill v. Teague,* 96 Ala. 207.
Said section is also unconstitutional as not being ger-
mane to the title.—*Lindsey v. U. S. S. & L. Assn.*—Sec-
tion 7813, Code 1907, was not applicable, and the court
erred in giving it in charge to the jury. The court
erred in refusing the defendant's charge. The com-
plaint charged only one offense and the court erred in
permitting proof of other offenses.—*Wicard v. The
State,* 109 Ala. 45; *Carleton v. The State,* 100 Ala. 130;
*Sullivan v. The State,* 68 Ala. 599.

ALEXANDER M. GARBER, Attorney General, for the
State. The affidavit charged a violation of the local
act and was sufficient to sustain a conviction un-
der section 7813, Code 1907. In any event, its insuf-
ficiency was waived as no demurrers were filed thereto.
—*Thomas v. The State,* 94 Ala. 74. The court takes
judicial knowledge of Local Acts of the Legislature,
making particular stock law districts.—*Davis v. The
State,* 37 So. 354; 7 Enc. of Evi. 951. Counsel discus-
ses other assignments of errors, but without citation of
authority.

ANDERSON, J.—Section 7813 of the Code of 1907
prohibits the owner or person in control of stock from
knowingly permitting stock to go upon the lands of an-
other in any stock district, and without the consent
of the owner of the land. The local act for Coffee coun-
ty (section 1, p. 1242, Acts 1900-01) makes it unlawful
only for the owner of the stock to knowingly, volunta-
rily, or wilfully permit certain animals to go at large
in said county. The general statute is directed both
at the owner and the person in control of the stock, and
makes it an offense for them to knowingly permit stock

to go upon the lands of another without his consent, and which is situated in a stock district, and whether the stock is permitted to run at large or not. The local law is intended only against the owner who permits his stock to run at large, and not for merely permitting the stock to go upon the lands of another without his consent. There is therefore a field of operation in Coffee county for both laws and the validity of the local law is necessary to put Coffee county in a stock law district and which is essential to a prosecution under either statute. The affidavit in question evidently attempts to charge an offense under the local act, and not under section 7813 of the Code of 1907, and was not subject to the demurrer interposed thereto.

It is insisted that this act is repugnant to section 45 of the Constitution of 1901, and falls within the influence of the case of *Barnhill v. Teague,* 96 Ala. 207, 11 South. 444. We do not think that the act in question possesses the vice pointed out as being in the act condemned in this case. Said act attempted to extend by mere reference the estray law to same, and did not set out said estray law. The estray law did not form a part of the law in question, but was a separate and distinct law, and the Pike county act sought to incorporate it in same by a mere reference thereto. The act in question by section 5 merely makes it a penalty to violate section 1. We do not understand section 45 of the Constitution as meaning that one provision of an act cannot be extended or made to apply to another section of the same act. Section 5 does not amend or extend any other law. It merely penalizes a violation of section 1 of the same law—the act then enacted. Neither is section 5 foreign to the subject expressed in the title of the act. The title is to prevent stock from running at large in Coffee county, and a penalty for violation of

said act is clearly germane to the prevention of stock from running at large. The defendant was charged with permitting a cow to run at large, an offense continuous in character, and the state was not confined to any one time. Nor was there error in permitting proof that yearlings belonging to the defendant were seen with the cow. This tended to show the ownership of the cow, and that defendant was permitting her stock, including the cow, to run at large. As we have heretofore stated, this affidavit was not framed under section 7813 of the Code, but, even if it was, that part of the oral charge excepted to was error.

The affidavit charged a cow and that the defendant was the owner, and she could not be convicted for the yearlings, nor as to the cow unless she was the owner thereof. The local act is confined to the owner, and, while the Code includes owner or person in control, the affidavit charges owner, and the state was confined to its allegation whether the prosecution was under the general or local statute. For the same reason, the trial court erred in refusing charge 1 requested by the defendant and in giving charge A, requested by the state.

The trial court did not err in refusing the general charge requested by the defendant, as there was proof from which the jury could infer that defendant was the owner of the bluish cow, and that she knowingly, voluntarily, or wilfully permitted her to run at large in Coffee county. The statement made by defendant to the officer, unexplained, could be taken as an inculpatory one, and a predicate was laid for its admission.

The judgment of the county court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.