## RAYNARD v. STATE. (6 Div. 202.)

(Court of Appeals of Alabama. June 26, 1923.)

**1. Licenses ⟨⟩42(3)—Indictment for violating Blue Sky Law held sufficient.**

An indictment charging a violation of the Blue Sky Law of October 1, 1920, by alleging in the language of the statute that defendant sold or offered for sale, by means of an advertisement, circular, or prospectus, or by other form of public offering, speculative securities, describing them, without first having obtained a permit, is sufficient.

**2. Licenses ⟨⟩18½, New, vol. 12A Key-No. Series—Blue Sky Law does not apply to private sales of securities.**

Under Blue Sky Law Oct. 1, 1920, § 2, making a sale of speculative securities without a permit by means of an advertisement, circular, or prospectus, or by any other form of public offering an offense, a private sale or offer to sell is not illegal, since the act does not apply if the sale or offer for sale is made without the employment of any of the inhibited means.

**3. Criminal law ⟨⟩1090(14, 16) — Rulings on charges and motion for new trial not reviewed in absence of bill of exceptions.**

Where the appeal from a conviction for crime is upon the record proper without bill of exceptions, the appellate court is without authority to review the denial of the motion for new trial or the refusal of charges requested by accused.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

G. M. Raynard, alias F. S. Wells, was convicted of violating the Blue Sky Law, and appeals. Affirmed.

The third count of the indictment is as follows:

"The grand jury of said county further charge that, before the finding of this indictment and subsequent to the 1st day of October, 1920, G. M. Raynard, whose Christian name is to the grand jury unknown, alias F. S. Wells, whose Christian name is to the grand jury unknown, did, contrary to law, sell, or offer to sell, in this state, by means of an advertisement, circulars, or prospectus, or by other form of public offering, speculative securities, to wit, contracts for the future delivery of shares of the capital stock, or capital stock, of the Mortgage & Funding Company, whose name is otherwise to the grand jury unknown, and, further, whether said company be a corporation, a stock company, an unincorporated association, a partnership, or an individual, being to the grand jury unknown, without there first having been issued unto said company, by the president of the State Securities Commission of Alabama, a permit to sell, or offer for sale, in this state, said securities, as is required, by the statutes in such cases made and provided."

Percy G. Gellert, of Birmingham, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no bill of exceptions, and for that reason the motion for new trial and refusal of charges cannot be reviewed. Holmes v. State, 17 Ala. App. 631, 88 South. 194.

FOSTER, J. The defendant was charged with the violation of the act approved October 1, 1920. Said act is entitled "An act, to amend an act entitled, an act to prevent frauds and impositions upon the people of the state and to protect investors," etc. This legislative enactment is commonly called 'the "Blue Sky Law." Laws 1920, p. 60.

The indictment contained eight counts, each of which charged in the language of the statute that the defendant did sell, or offer for sale in this state by means of an advertisement, circulars, or prospectus, or by other form of public offering, speculative securities, etc., without first having obtained a permit as is required by the statutes in such cases made and provided.

[1, 2] The indictment was sufficient, for in order to constitute a violation of the statute in question the selling or offering for sale of any speculative securities defined in section 2 of said act, such selling or offering for sale must be by means of an advertisement, circular, or prospectus, *or by any other form of public offering,* without having obtained a permit so to do from the Public Service Commission as the law requires. It is clear from the provisions of said act, supra, that unless the selling or offering for sale is accomplished by one or all of the means designated, that is, by advertising said speculative securities, or by circulars or prospectus or some other form of public offering, then said act does not apply, and if the speculative securities are sold or offered for sale without the employment of any of the inhibited means, supra, the act in question is not violated and no permit from the Public Service Commission is required or necessary. In other words, if the selling or offering for sale of a speculative security is done by private sale or by privately offering for sale, the Blue Sky Law of this state has no application to such private sales or private offer to sell, for the statute is directed *only* to the sale or offer to sell speculative securities, *by means of any advertisement, circulars or prospectus,* or by any other form of *public offering.*

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant in the instant case was convicted under the third count of the indictment, and was duly sentenced to serve an indeterminate term of imprisonment in the state penitentiary for not less than three years nor more than four years, from which judgment of conviction and sentence he appeals.

[3] The record contains certain refused charges, and also a motion for a new trial which was overruled. The appeal is upon the record proper without bill of exceptions. This being true, we are without authority to review the action of the lower court in denying the motion or in refusing the charges requested, as these matters are not presented. Ross v. State, 16 Ala. App. 393, 78 South. 309; Holmes v. State, 17 Ala. App. 631, 88 South. 194.

The record is free from error. Let the judgment appealed from stand affirmed.

Affirmed.