(101 So. 327)

STATE v. SKINNER. (6 Div. 496.)

(Court of Appeals of Alabama. July 22, 1924. Rehearing Denied Aug. 19, 1924.)

1. Statutes ⬀105(1)—Title of act must contain and announce but one subject, that to be clearly expressed.

Const. 1901, § 45, requires that the title of an act must contain only one subject, and clearly express the one subject of the act. (Response of Supreme Court to certified questions.)

2. Statutes ⬀121(7)—Title to Blue Sky Law held compliance with constitutional requirement.

Title to Gen. Acts 1919, p. 946, as amended by Gen. & Loc. Acts (Sp. Sess.) 1920, p. 60, which title is the same in each case, and which reads: "To prevent frauds and impositions upon the people of the state and to protect investors," held a compliance with Const. 1901, § 45, requiring title of act to contain only one subject, clearly expressed therein. (Response of Supreme Court to certified questions.)

3. Statutes ⬀107(2)—Blue Sky Law held compliance with constitutional requirement, limiting body of act to the one subject clearly expressed in its title.

Gen. Acts 1919, p. 946, as amended by Gen. & Loc. Acts (Sp. Sess.) 1920, p. 60, which prohibits the sale of speculative securities without a permit from the securities commission held a compliance with Const. 1901, § 45, as containing but one subject, which is clearly expressed in the title. (Response of Supreme Court to certified questions.)

4. Constitutional law ⬀61—Power to define crime and fix punishment cannot be delegated.

The power to define crime, and fix the punishment for it, rests with the Legislature, which cannot delegate that power to courts or to juries. (Response of Supreme Court to certified questions.)

5. Criminal law ⬀13—Certain definitions of speculative securities in Blue Sky Law, held violative of Bill of Rights as being indefinite.

In Gen. Acts 1919, p. 946, as amended by Gen. & Loc. Acts (Sp. Sess.) 1920, p. 60, which prohibits the sale of speculative securities without a permit from the securities commission, of the eight separate definitions of term "speculative securities" given in section 2, definitions 1 and 3, held violative of Bill of Rights, § 6, because too vague and indefinite to inform a defendant of the nature and cause of the accusation against him. (Response of Supreme Court to certified questions.)

6. Criminal law ⬀13—Certain definitions in Blue Sky Law of speculative securities held compliance with Bill of Rights.

In Gen. Acts 1919, p. 946, as amended by Gen. & Loc. Acts (Sp. Sess. 1920) p. 60, which prohibits the sale of speculative securities without a permit from the securities commission, definitions 2, 4–8, of speculative securities, found in section 2, held sufficiently definite and certain to comply with Bill of Rights, § 6. (Response of Supreme Court to certified questions.)

7. Statutes ⬀64(8)—Void definitions in Blue Sky Law of speculative securities held not to invalidate rest of act.

That two definitions of speculative securities, in section 2 of Gen. Acts 1919, p. 946, as amended by Gen. & Loc. Acts (Sp. Sess.) 1920, p. 60, are void as contravening Bill of Rights, § 6, held not to render whole act invalid, in view of legislative will, expressed in section 20 of the act, and because remaining part of the act is complete, intelligible, and enforceable. (Response of Supreme Court to certified questions.)

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Ross Skinner was indicted on a charge of selling speculative securities. From a judgment sustaining demurrer to the indictment and discharging the defendant, the State appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and James Davis, Sol. Tenth Judicial Circuit, Willard

---

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 19 Ala. App. 312.

Drake and L. Herbert Etheridge, Asst. Sols., all of Birmingham, and W. C. Oates, Executive Officer of State Securities Commission of Montgomery, for the State.

Henry Upson Sims, of Birmingham, amicus curiae.

The title to the act is legally sufficient. Acts 1920, p. 60; Cooley's Const. Lim. (6th Ed.) 172; State v. Street, 117 Ala. 203, 23 South. 807; City of Ensley v. Cohn, 149 Ala. 316, 42 South. 827; City of Ensley v. Goswick, 149 Ala. 676, 42 South. 829; Stone v. State, 137 Ala. 1, 34 South. 629; Allman v. Mobile, 162 Ala. 231, 50 South. 238; Georgia Cas. Co. v. Haygood, 210 Ala. 56, 97 South. 87; Toole v. State, 170 Ala. 47, 54 South. 195; Ex parte Hill, 165 Ala. 368, 51 South. 786. The definitions in the act are not indefinite. Gopher T. & R. Co., 146 Minn. 52, 177 N. W. 937; Hall v. Geiger-Jones Co., 242 U. S. 540, 37 Sup. Ct. 217, 61 L. Ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C. 643; Caldwell v. Sioux Falls Co., 242 U. S. 559, 37 Sup. Ct. 224, 61 L. Ed. 493; State v. Welch, 42 N. D. 44, 172 N. W. 234; Stewart v. Brady, 300 Ill. 425, 133 N. E. 314; Hornaday v. State (Okl. Cr. App.) 208 Pac. 230; Mutual Film Co. v. Ind. Comm., 236 U. S. 230, 35 Sup. Ct. 387, 59 L. Ed. 558. Ann. Cas. 1916C, 296; Redmond & Co. v. Mich. Sec. Comm., 222 Mich. 1, 192 N. W. 688; State v. Agey, 171 N. C. 831, 88 S. E. 729; Dowdy v. State, 19 Ala. App. 503, 98 South. 367. Statutes may be void in part and good in part. Lewis' Sutherland, Stat. Const. (2d Ed.) § 296; Noble v. Mitchell, 100 Ala. 519, 14 South. 581, 25 L. R. A. 238; Cooley's Const. Lim. 177; Com. v. Hitchings, 5 Gray (Mass.) 485; S. & N. A. R. Co. v. Morris, 65 Ala. 193.

Weatherly, Birch & Hickman, Nesmith & Garrison, and Black & Harris, all of Birmingham, for appellee.

The act of 1920 is violative of section 45 of the Constitution. Ballentyne v. Wickersham, 75 Ala. 533; State ex rel. v. Miller, 158 Ala. 59, 48 South. 496. The definitions in the act are vague and indefinite, and in violation of the Sixth Amendment to the Constitution of the United States. U. S. v. Sharp, Fed. Cas. No. 16,264; U. S. v. L. Cohen Grocery Co., 255 U. S. 81, 41 Sup. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; United States v. Bernstein (D. C.) 267 Fed. 295; Ex parte McNulty, 77 Cal. 164, 19 Pac. 237, 11 Am. St. Rep. 257; Standard Corp. v. Waugh Corp., 231 N. Y. 51, 131 N. E. 566, 14 A. L. R. 1054; Standard Oil Co. v. State, 178 Ala. 400, 59 South. 667; Fason v. State, 19 Ala. App. 533, 98 South. 702.

SAMFORD, J. The only questions involved in this appeal depend upon the validity of an act of the Legislature, approved October 1, 1920. Acts 1920, p. 60 et seq. Being in doubt as to some of the questions raised by the rulings of the trial court, this court submitted to the Supreme Court the following inquiries:

(1) Is the act above referred to in violation of section 45 of the Constitution?

(a) Are there two major subjects embraced in the title to the act?

(b) Is the substance of the act clearly expressed in the title so as to meet the requirements of the Constitution?

(2) Are the definitions defining fraud so vague and indefinite as to be void in that an indictment based thereon fails to give to the defendant the nature and cause of the accusation against him as is provided by section 6 of the Bill of Right?

To which the Supreme Court [per Miller, J.] replied as follows:

"Response to Certified Questions from Court of Appeals.

[1, 2] "That part of section 45 of the Constitution of 1901, pertinent to the foregoing questions, propounded by the judges of the Appellate Court, reads as follows: 'Each law shall contain but one subject, which shall be clearly expressed in its title.'

"The original act (Gen. Acts 1919, p. 946), and the amendatory act (Gen. & Loc. Acts, Sp. Sess. 1920, p. 60), contain the same title, which reads as follows: 'To prevent frauds and impositions upon the people of the state and to protect investors.'

"The title of an act must announce clearly the subject thereof, but no standard of particularity is prescribed by the Constitution, except the title must contain one subject, clearly expressing the one subject of the act. This title is short, general and comprehensive, which deserves the commendation, rather than the condemnation of the courts. It is all expressed in one sentence. The main design of the act, apparent from the title, is to prevent frauds and impositions upon the people of the state, and to aid in protecting them in their investments. To prevent frauds and impositions, and to protect investors from them, is its meaning. The investors in this state are intended by the act to be protected by preventing frauds and impositions upon them, as the title indicates. This title of the act contains only one major subject, which puts it in harmony with section 45 of the Constitution, in so far as it applies to the title thereof. State v. Sayre, 118 Ala. 1, 24 South. 89; Ex parte Pollard, 40 Ala. 77; State v. Street, 117 Ala. 203, 23 South. 807.

[3] "Does the body, the substance of the act, contain one subject which is clearly expressed in the title, as this section of the Constitution requires? The original act and the amendment thereof, creates the state securities commission, designates its members, and locates its office and place of business. The members of the commission are changed by the amendment from those in the original act. The members, by the amendment, of the commission are the members of the Alabama public service commission. The amendment act then defines the term 'securities,' and the term 'speculative securities,' as used therein. It provides the mode and the manner to secure permit from the commission to sell or offer for sale speculative securities. It makes it unlawful for any person,

copartnership, association, or corporation, either as principal, or through brokers or agents, or for any broker, agent, or other person, to sell or offer for sale in this state, by means of any advertisement, circular, or prospectus, or by any other form of public offering, any speculative securities, unless there shall have first been issued a permit to do so by the president of the commission as the act requires. This act in section 13 provides that any person, partnership, association, or corporation, who shall commit in this act declared unlawful by sections 3, 5, 8, or 10 of the act, shall be deemed guilty of a felony, and on conviction the punishment is fixed by the act. The act outlines the duties of the commissioners, provides any one dissatisfied· with the findings of the commission may bring suit in ·the circuit court of Montgomery county against the commission to set aside such findings on the ground 'that said findings are unjust or unreasonable.' And other matters are mentioned and provided in the act, not necessary to be referred to here.

"The act in its body purports and designs to regulate the sale, or offers to sell to the public in the state of Alabama, speculative securities. The title informs us that the act, in its· body, would be framed for the purpose of preventing frauds and impositions upon the people, and to protect investors. The civil and criminal arms of the state are necessary to prevent frauds and impositions upon the public in speculative securities, and to protect the public in the purchase of them. This is the only subject, general subject, dealt with in the body of the act.

"All the foregoing matters mentioned in the act are germane to its title, and can be classed under that one general subject. A commission, with power, authority, and civil procedure for investigating into the value and nature of speculative securities, is proper and natural under. the title for the prevention of frauds and im-, positions on the· people of the state, and for, the protection of investors therein. A penalty; for the violation of the act is not only cognate· to the subject, but is really necessary to aid· in accomplishing the purpose of it, which is., intended to prevent frauds and impositions, and to protect investors from them. Flowers v. State, 168 Ala. 150, 53 South. 276; State v. Twining, 73 N. J. Law, 683, 64 Atl. 1073, 1135; Thompson v. Akin, 81 Ill. App. 62.

"The act creates a commission to examine in-, to, on proper application, the speculative securities desired to be sold, and to permit or deny the right to sell them; and it provides a penalty for those who sell or offer for sale such securities in the manner denounced by the statute, without the permit from the commission; and it defines speculative securities. These and other provisions in the act are necessary, and proper, germane, and cognate to the design and purpose intended by the title to prevent fraud ·and impositions upon the people, and to protect investors in the purchase of speculative securities. Darrington v. State, 162 Ala. 60, 50 South. 396; Ham v. State, 156 Ala. 645, 47 South. 126; Lovejoy v. Montgomery, 180 Ala. 473, 61 South. 597,,and authorities, supra.

"There are other provisions in the act, but we need not discuss and consider them, as their determination is unnecessary in the case now pending in the appellate court, in which the questions are ·propounded.· Under: the fore-

going authorities we must hold and answer that the substance, the body of the act, contains only one subject as outlined herein, which is clearly expressed in the title to the act, and meets the requirements of section 45 of the Constitution.

[4-7] "Section 2 of the amended act gives eight separate and distinct definitions of the, term 'speculative securities,' and the act makes it a criminal offense to sell or offer for sale any speculative securities in the manner ,denounced by the statute, unless a permit shall have been issued by the commission allowing it. Robertson v. Business, etc., Club, 210 Ala. 460, 98 South. 272.

"Do these definitions violate section 6 of the Bill of Rights in the Constitution of 1901, which entitles the defendant to be informed of 'the nature and cause of the accusation'? Are all or any of these definitions of 'speculative securities' so vague and indefinite as to be void, under section 6 of the Bill of Rights in the Constitution, because an indictment ˙based thereon would fail to give the accused the nature and cause of the accusation against him? This is really the second question presented for us to answer by the judges of the appellate court.

"In U. S. v. Brewer, 139 U. S. 278, 288, 11 Sup. Ct. 538, 541 (35 L. Ed. 190), we find this principle declared: 'Laws which create crime ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid.'

"This court in Standard Oil Co. v. State, 178 Ala. 402, 59 South. 667, wrote: 'Rather than nullify the section on the ground of uncertainty, the court will seek out and adopt any reasonable construction of which it · is susceptible; but "when the language of an act appears on its face to have a meaning, but it is impossible to give it any precise or intelligible application in the circumstances under which it was intended to operate, it is simply void." 26 Am. & Eng. Encyc. 656. The intention of the Legislature must be ascertained from the words of the section. "The court may not allow conjectural interpretation to usurp the place of judicial exposition. There must be a competent and efficient expression of the legislative will." State v. Partlow, 91 N. C. 550, 49 Am. Rep. 652.'

"The power to define crime and fix the punishment for it rests with the Legislature of the state, and this power to define crime cannot be delegated to the courts or to the juries by the Legislature. U. S. v. Cohen Gro. Co., 255 U. S. 81, 41 Sup. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045.

"These eight definitions of 'speculative securities' are defined in section 2 of the act of 1920, p. 60, as follows: '(1) All securities, to promote or induce a sale of which, profit, gain or advantage, unusual in the ordinary course of legitimate business, is in any way advertised or promised; (2) all securities for promoting a sale of which a commission of more than 5 per cent. is offered or paid; (3) all securities into the specified par value of which the element of chance or hazard, or speculative profit, or possible loss equals or predominates over the element of reasonable certainty, safety and investment; (4) all securities, the value of which materially depends on proposed or promised future promotion or development rather than upon present tangible assets or conditions; (5)

all securities of any enterprise, association, partnership or corporation, which has included or proposes to include in its assets as a material part thereof patents, formulæ, good will, promotion of any intangible assets, or which has issued or proposes to issue a material part of the securities in payment for formulæ, patents, goodwill, promotion or intangible assets; (6) all securities made or issued in furtherance or promotion of any enterprise or scheme for the sale of unimproved or undeveloped land on any deferred payment or installment plan, when such lands are not situated in the state of Alabama; (7) any undivided interest or certificate of participation based on any undivided interest in oil royalties or oil leases, where the value of such undivided interest or certificate of participation materially depends on proposed or promised future development; provided that this act shall not apply to undivided interests or certificates based upon undivided oil royalties, interests or in oil leases where the interest or certificate based upon such interest offered for sale or sold to any one purchaser exceeds one-twenty-fifth of the whole royalty or oil lease; (8) securities made or offered, issued or used in furtherance or promotion of any enterprise or scheme where the value of such securities materially depends on the performance of any stipulation or agreement by the promoter or others to furnish any facility, service, utility or improvement.'

"Definitions 1 and 3 are each vague, indefinite, and uncertain, as to their meaning. They each fail to definitely define the speculative securities intended. The description and definition of speculative securities in 1 and 3 are too uncertain and indefinite to be valid under section 6 of the Bill of Rights. 'Profits, gain, or advantage, * * * unusual in the ordinary course of legitimate business' is vague and uncertain. There is no fixed standard in these definitions, 1 and 3, to go by. A person by reading them cannot know what act it is his duty to avoid. The act, declared a crime, by the violation of either, is not stated with certainty so it can be known by a person. It leaves it to be determined by the court or the jury in each particular case. This is not permissible. State v. Goldstein, 207 Ala. 569, 93 South. 308.

"These definitions, appearing in an indictment, would not indicate with certainty and clearness the nature and cause of the accusation against the accused as the Constitution requires, and they must be declared void under section 6 of the Bill of Rights. Definitions numbered 2, 4, 5, 6, 7, and 8, are sufficiently clear, definite, and certain to meet the requirements of section 6 of the Bill of Rights, in the Constitution, and they are not unconstitutional and void. There is not sufficient obscurity or uncertainty in any one of them to render it void. Definition 4 was construed and sustained by the Supreme Court of North Dakota in State v. Welch, 42 N. D. 44, 172 N. W. 234. This act is framed in part at least, like, and is identical in some of the definitions, with an act in Oklahoma, which was construed in part and sustained by the Criminal Court of Appeals of that state in Hornaday v. State, 208 Pac. 228.

"This statute has been in review before the appellate court from a judgment of conviction thereunder in the case of Raynard v. State, 19

Ala. App. 281, 96 South. 723, but the questions presented here were not raised therein.

"Definitions 1 and 3, being void and unconstitutional, would not necessarily render the entire act void, and we hold it does not in this instance, because the legislative will in that respect is stated in the act, and because what remains of the act is complete, capable of being enforced, clearly intelligible, without the rejected part.

"Section 20 of the act reads as follows: 'Should the courts declare any section or clause of this act unconstitutional, then such decision shall affect only the section or clause, so declared to be unconstitutional, and shall not affect any other section or part of this act.' See, also, S. & N. A. R. Co. v. Morris, 65 Ala. 193; Noble v. Mitchell, 100 Ala. 519, 14 South. 581, 25 L. R. A. 238; State ex rel. Harmon v. Murphy, 211 Ala. 663, 101 South. 465.

"The definitions of speculative securities numbered 1 and 3 are void under section 6 of the Bill of Rights. They are too vague and indefinite to give the accused the nature and cause of the accusation against him, but the definitions numbered 2, 4, 5, 6, 7, and 8 of speculative securities, do not contravene that part of the Constitution. Authorities, supra.

"Let this be certified to the appellate court.

"All the Justices concur."

The only questions that can be considered on this appeal being embraced in the foregoing, it follows that the judgment must be reversed, and the cause remanded to the circuit court for further proceedings there.

Reversed and remanded.