(101 So. 651)

## GILLESPIE v. LONG. (6 Div. 208.)

(Supreme Court of Alabama. Oct. 23, 1924.)

Licenses ☞18½, New, vol. 12A Key-No. Series—Private sale of speculative corporate stock held not prohibited by Blue Sky Law.

Sale of speculative corporate stock to plaintiff in rear of plaintiff's store, with no one present except plaintiff's nephew, *held* not prohibited by Blue Sky Law, §§ 3, 14; not being accomplished by means designated, and not directly or indirectly made in promotion of enterprise.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

D. H. Long sues W. H. Gillespie to recover damages for the unlawful sale by defendant to plaintiff of speculative stock. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, page 450, Acts 1911. Reversed and rendered.

London, Yancey & Brower, of Birmingham, for appellant.

A private sale of stock does not come within the inhibition of the State Securities Act. Acts 1919, p. 947, §§ 2, 14; Raynard v. State, 19 Ala. App. 281, 96 So. 723. If the evidence on the phase of the case submitted to the jury is uncontroverted, and under it the plaintiff is not entitled to recover, the trial court should give the affirmative charge requested in writing by the defendant. Cent. R. & B. Co. v. Ingram, 95 Ala. 152, 10 So. 516; B. R. & E. Co. v. Baker, 126 Ala. 135, 28 So. 87; Converse Bridge Co. v. Collins, 119 Ala. 534, 24 So. 561; Williams v. McKissack, 125 Ala. 544, 27 So. 922.

David S. Anderson, of Birmingham, for appellee.

No brief reached the Reporter.

THOMAS, J. The cause was tried before a jury on counts 2 and 4 of the complaint as amended. Count 2 as amended alleges that defendant sold plaintiff stock in a corporation which was speculative, and that said corporation had not complied with the statutes relating to the sale of speculative securities. Count 4 of the complaint as amended was for money had and received.

Defendant pleaded, in short, by consent the general issue, with leave to give in evidence any matter which, if well pleaded, was admissible, the statute of limitations of one year and the statute of frauds.

Pertinent provisions of the Blue Sky Law are sections 3 and 14 as follows:

"It shall be unlawful hereafter for any person, copartnership, association or corporation (hereinafter called the promoter), either as principal or through brokers or agents, or for any broker, agent or other person, to sell or offer for sale in this state by means of any advertisement, circulars or prospectus, or by any other form of public offering, any speculative securities unless there first shall have been filed with the president of the commission and approved by him: (1) A copy of the securities so to be promoted. * * *

"This act shall not apply to the owner of any speculative security who is not the maker or issuer thereof, who shall acquire and sell the same for his own account in good faith in the usual and ordinary course of business, and not for the direct or indirect promotion of any enterprise or scheme within the purview of this act. Repeated or successive sales of any such speculative security or securities shall be prima facie evidence that the claim of ownership is not bona fide, or is a mere shift or devise [device] to evade the provisions of this act: Provided, that this act shall apply to brokers and stock exchangers and members thereof engaged in the purchase, handling or sale on the market of speculative securities, either as owners or for a commission." General and Local Acts, Special Session 1920, pp. 61, 70; Ex parte Morgan, 211 Ala. 360, 100 So. 462.

The constitutionality of the statute has been upheld by this court. It has further been declared that the statute did not apply to private sales of speculative securities. Robertson v. B. B. C. Club, 210 Ala. 460, 98 So. 272; State v. Skinner (Ala. App.) 20 Ala. App. 204, 101 So. 327; Raynard v. State, 19 Ala. App. 281, 96 So. 723.

There was no evidence of a public offering. Plaintiff's testimony on this question was that the sale was made in the rear of plaintiff's store; no one being present except the parties and plaintiff's nephew. Under the definition of a public offering contained in the act, and the reasonable interpretation thereof, the statute could not be held to apply to the transaction made the basis of the suit. Ala. & N. O. T. Co. v. Doyle (D. C.) 210 F. 173. The sale, or offering for sale, of the speculative securities was not accomplished by either of the means designated in the statute—by advertising, or by circulars or prospectus, or by some other form of public offering—and was not directly or indirectly in the promotion of such enterprise within the purview of the statute. The general affirmative charge requested by defendant should have been given. See definition of "promoted." 14 C. J. p. 250, § 282; Black's Law Dict. p. 952.

The judgment of the circuit court is reversed, and a judgment here rendered for defendant.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.