# Jones *v.* Motley.

*Contest of Claim to Personal Property as Exempt.*

1. *License to retail spirituous liquors; privilege, not property.*—A license to retail spirituous liquors, whether intended as a mere police regulation, or for the purpose of raising revenue, is a mere personal privilege, which is neither transferrable nor vendible; and it can not be estimated as property, for the purpose of reducing the exemptions claimed by a debtor to whom it is granted.

Appeal from the Circuit Court of Macon.
Tried before the Hon. James E. Cobb.

The appellant in this case, Paul Jones, obtained a judgment in the Circuit Court of Macon county, on the 7th April, 1883, against O. G. Motley; and an execution thereon issued on the 10th January, 1885, was levied by the sheriff on two horses, a buggy, and wagon; also, "one lot of whiskey, beer, wines, brandies, cigars, bar-room fixtures, one keg of syrup (12 galls.), being all the goods, wares, merchandise, and personal property of every description, now in the store-room where the defendant does business in the town of Tuskegee." The defendant thereupon claimed the property as exempt, specifying each ar-

[Jones v. Motley.]

ticle and its value; and the claim, duly verified by affidavit before a justice of the peace, was lodged with the sheriff, and returned by him with the execution. The plaintiff thereupon made affidavit contesting the claim, on the grounds, 1st, that it was excessive; 2d, that it was invalid entirely. An issue was then made up between the parties on these grounds of contest, and the facts were agreed on. It was admitted that the value of the personal property owned by the defendant at the time of the levy, and at the time of the trial, was $888.59, as shown by the inventory and claim of exemption; but this did not include the sum of $850, which the defendant had paid, on the 8th January, 1885, as the price of licenses, State, county, and municipal, to retail spirituous liquors in the town of Tuskegee, which he had taken out in the name of his wife. The court charged the jury that, if they believed the evidence, they must find the issues in favor of the defendant. The plaintiff excepted to this charge, and he now assigns it as error.

W. C. BREWER, for appellant.

W. F. FOSTER, and R. H. ABERCROMBIE, contra.

SOMERVILLE, J.—The defendant in execution having lodged with the proper officer his claim of exemption, describing with proper certainty each piece or item of personal property claimed, and having verified it by oath, as required by statute, the claim was *prima facie* correct, and the burden of proof was on the plaintiff in execution to show that the property was liable to the judgment debt—Code, 1876, §§ 2831, 2838; *Todd v. McCravey*, 77 Ala. 469.

In the trial of this issue, as to whether the property is exempt from levy and sale, the statute provides, that " evidence may be received to show that the debtor has property not embraced in his inventory," and that " such property shall be considered as having in fact been selected by the debtor as exempt; and its value must be estimated by the jury to ascertain the amount of exemption to which the debtor is entitled." Code, 1876, § 2839.

The evidence showed, on the trial of this cause, that the defendant had procured to be issued, in the name of his wife, early in January of the current year, State, county, and municipal licenses to retail spirituous liquors, for which he had paid, out of his own money, the sum of eight hundred and forty-seven dollars; that these licenses were still in force, and the business of retailing had been conducted under them by the defendant, as agent of his wife. It was also shown that, when

[Louisville Coffin Co. v. Stokes.]

the licenses were procured; the defendant did not owe his wife anything, but was indebted to the plaintiff.

It is our judgment, that these licenses to retail liquors were in no sense property, within the meaning of the statute; and the value of them could not, therefore, be proved with the view of reducing the exemptions claimed by defendant in his inventory—or "declaration and claim"—prepared under the provisions of the statute. It is well settled, that licenses of this character are mere personal privileges, which are neither transferrable nor vendible. They confer no vested interest, or right of property, and contain within them no element of contract. They are mere grants of indulgence, for a specified consideration, and are granted always under the implied understanding, that they are revocable at the pleasure of the sovereign power granting them. And this is true, whether the license is intended as a mere police regulation, or for the purpose of raising revenue.—*Powell v. The State*, 69 Ala. 10; Cooley's Const. Lim. (5th ed.), 343 [*283], *note* 1, and cases cited; Pomeroy's Const. Law, §§ 554–559; *Calder v. Kurby*, 5 Gray (Mass.), 597; *Boyd v. The State*, 61 Ala. 177; s. c., 94, U. S. 645; *Fell The State*, 20 Amer. Rep. 83.

The charges of the Circuit Court are free from error, and the judgment is affirmed.