# Western Union Telegraph Company *v.* City of Troy.

## *Assumpsit.*

(Decided February 6, 1913.　61 South. 488.)

*License; City Ordinances; Validity; Telegraph Company.*—A city ordinance imposing a license tax of $100.00 on a telegraph company, without exempting government business, was invalid as imposing a tax on the means employed by the government for the exercise of its constitutional powers, where it appeared that the telegraph company so taxed did both an inter and intra-state business, and had accepted the benefits of section 5266-5268 Revised Statutes of the United States, and thereby become bound to transmit government messages over its wires, and to give priority thereto in accordance with the restrictions and regulations of the Postmaster General.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by the Western Union Telegraph Company against the city of Troy, to recover a license tax paid under protest. Judgment for defendant and plaintiff appeals. Reversed and remanded.

RUSHTON, WILLIAMS & CRENSHAW, for appellant. The ordinance is unreasonable and therefore void.—*Town of*

*Marion v. Chandler*, 6 Ala. 899; *Ex parte Byrd*, 84 Ala. 12; *Hendrix v. The State*, 142 Ala. 43; 26 Am. Rep. 642; 58 Am. Rep. 447; 72 Am. Dec. 89; 13 Am. St. Rep. 468; 24 Am. St. Rep. 137; 29 Am. St. Rep. 398; 192 U. S. 55. The objections suggested by the Supreme Court in *Williams v. City of Talladega*, have been met in this record.—51 South. 330. It is shown therefore by the record that the intrastate business which was sent and received by the Troy office averaged $550.00 per annum and the license was therefore nearly 19 per cent., which is so excessive as to render the ordinance unreasonable. It seems to us that the matter has been entirely disposed of so far as this case is concerned by the opinion of the Supreme Court of the United States in the case of *Williams v. City of Talladega*, 33 S. C. Rep. 116, wherein the decision of the Supreme Court of Alabama was reversed.

FOSTER, SAMFORD & CARROLL, for appellee. The statement of facts are not materially different on this appeal from the former appeal, and no comparison is shown whereby to determine the reasonableness of the ordinance fixing the tax.—*R. R. Co. v. Alabama City*, 134 Ala. 414; *Moore v. Eufaula*, 97 Ala. 670. The only limitation on license taxation seems to be that it must not be so unreasonable as to show its purpose to prohibit a business which is not in itself injurious to the public health or morals.—*Birmingham v. Goldstein*, 151 Ala. 477. What was said by our Supreme Court in *Williams v. Talladega*, 164 Ala. 633, practically disposes of every question presented by this record.

THOMAS, J.—The appellant, to save its agent from prosecution, paid under protest to the city of Troy the sum of $100 as a license tax for doing business in said

city during the year 1908, exacted under the following ordinances of said city, to-wit:

"Any person, firm, or corporation engaged in any trade, business or profession * * * within the corporate limits of said city of Troy, Alabama, shall pay a license therefor as follows: * * *

"237. Telegraph Companies. Each firm, person or corporation engaged in the business of a telegraph company in the city in sending messages from the city to any point in the state * * * $100.00."

Then follows a penal provision, making it an offense, and fixing the punishment, for persons to engage in any business or occupation for which a license is required without first paying for and taking out such license.

This suit is to recover the license tax mentioned as so paid by appellant under protest, and the present is the second appeal of the case. On the former appeal (see *City of Troy v. Western Union Tel. Co.*, 164 Ala. 482, 51 South. 523, 27 L. R. A. [N. S.] 627), which was before the creation of this court, only one question was considered, and that was as to whether or not the ordinance, being a measure designed to raise revenue, was void as exacting an unreasonable or prohibitive amount as a license for doing the business in which the appellant was engaged. Following the rule that when the question as to the reasonableness of a city ordinance is raised, and it has reference to a subject-matter within the corporate jurisdiction, it will, if nothing to the contrary appears on its face, be presumed to be reasonable, until the contrary is established by proper evidence, our Supreme Court held that the evidence before them on that appeal, showing that during the year (1908) for which the license was collected, the appellant's intrastate business was conducted at a loss, was not sufficient, as a matter of law, to overcome the presumption

of the validity of the ordinance. The judgment of the
court below, holding the ordinance void, was therefore
reversed and the cause remanded for a new trial. On
that trial the case was again tried on an agreed state-
ment of facts, containing all the facts agreed on in the
previous trial, which are fully set out in the report of
the case on former appeal (*City of Troy v. W. U. Tel.
Co., supra*), and in addition thereto the fact that
during the 11 years next preceding 1908, the year the
license was paid, the receipts and expenses of appellant
company at the Troy office for both intrastate and inter-
state business, while varying slightly each year, were
not materially different from the expenses and receipts
of that office for the said year 1908, which latter are
particularly there set out, the same as they are item-
ized and totalled in the said report of the case on former
appeal, to which reference is here made. The lower
court held the ordinance reasonable and valid. We are
asked to reverse that judgment and declare the ordi-
nance void, upon several grounds, which may be suc-
cinctly stated as follows: First. Because the evidence
shows that the ordinance is so unreasonable in amount
as to demonstrate an abuse of discretion on the part of
the municipal officers passing it, and that it is an arbi-
trary interference with private business. Second. Be-
cause the evidence shows that the appellant telegraph
company had accepted the provisions of the act of Con-
gress of July 24, 1866, and was therefore an instrument
or agent of the government of the United States, and
the state was without authority to confer the power on
the municipality to levy any privilege or franchise tax
whatever upon the company's intrastate business, as
was attempted by said ordinance. Third. Because the
ordinance makes no provision by its terms or under its
operation for the exemption from taxation of that part

of the company's intrastate business done by it as the
agent or instrument of the federal government in the
transmission from and receiving at Troy of government
messages to and from points within the state of Ala-
bama.

Pending this appeal, the appellant by writ of error
carried for review to the Supreme Court of the United
States the judgment of our Supreme Court in another
case, that of *Williams v. City of Talladega*, reported in
164 Ala. 633, 51 South. 330, involving the identical fed-
eral questions here presented in the last two points
stated as to the invalidity of the ordinance before us;
and we have purposely delayed a decision in this case,
awaiting the determination of that review, to the end
that we might conform our decision to that of the Su-
preme Court of the United States on those matters.
Recently that court handed down its opinion, reported
in *D. G. Williams v. City of Talladega*, 226 U. S. 404,
33 Sup. Ct. 116, 57 L. Ed. —, reversing the judgment
of our Supreme Court in the same styled case reported
in 164 Ala. 633, 51 South. 330, supra. The second ground
upon which the ordinance before us is attacked, as here-
inbefore set out, was there determined adversely to the
contention of the appellant, and the third ground fa-
vorably to that contention. The questions involved and
there adjudicated are of such wide public interest, af-
fecting probably every municipality in the state, that
we deem it wise to quote at length from that opinion,
to the end that the information thereof may the sooner
reach all parts of the state for the future guidance of
the officers of the towns and cities that may be con-
cerned.

Mr. Justice Day, delivering the said opinion of the
United States Supreme Court in the case cited, said:
"Williams, the plaintiff in error, was convicted of doing

business in the city of Talladega, as agent of the Western Union Telegraph Company, from October 1, 1908, to December 31, 1908, without taking out and paying a license therefor, in violation of an ordinance of the city. The ordinance contained a schedule of licenses for divers businesses, vocations, occupations, and professions carried on in the city, among others the following: '158. Telegraph Company. Each person, firm, or corporation commercially engaged in business sending messages to and from the city and to and from points in the state of Alabama for hire or reward * * * $100.00.' * * * The fourth section provided that any person, firm, or corporation who engaged in any trade, business, or profession for which a license was required, without first having obtained such license, should be guilty of an offense, and upon conviction should be fined not less than $1 and not more than $100. The record discloses that the corporation was organized under the laws of the state of New York, and had accepted the provisions of the act of Congress of July 24, 1866 (R. S. 5263-5268 [U. S. Comp. St. 1901, pp. 3579-3581]), and for several years theretofore, and during the years 1907 and 1908, had had an office in the city of Talladega, and was engaged in the business of transmitting messages between private parties and between the departments and agencies of the United States government from Talladega to other points in the state of Alabama, and from other points in the state of Alabama to Talladega. * * * It also appears that the Western Union Telegraph Company pays taxes on its property in the state. In addition to the agreed facts, from which the above statement is taken, it is shown by the testimony of the defendant that the lines of the Western Union Telegraph Company enter and leave the city over the right of way of the Southern

Railroad and the Louisville & Nashville Railroad, both
of which are public railroads, and that within the city
of Talladega the company has lines which leave the
right of way of the railroad companies and proceed
along public streets to the office of the company, and
also that government messages are relayed daily at the
Talladega office; that it received messages between the
different departments of the government of the United
States at this office from points within the state; and
that government messages were given a preference and
were sent at reduced rates.    *    *    *    This case differs
from some cases which have been in this court involving
the right to tax the Western Union Telegraph Com-
pany in that it places emphasis upon the alleged im-
munity from taxation of the class herein involved, be-
cause it is contended that, by the said act of 1866, Con-
gress, by virtue of the authority given it to establish
post roads, conferred federal franchises upon the com-
pany and made the Western Union Telegraph Com-
pany an instrumentality of the federal government, en-
dowed with franchises to construct, maintain, and op-
erate telegraph lines on the post roads of the United
States, with the duty, in the operation of those lines,
not only to serve the government of the United States,
but also to serve the public which might wish to trans-
act business over its line.    This being so, it is now
insisted that the attempt to impose a license tax upon
the company, either by the state of Alabama or any of
its municipalities, is an attempt to impose a tax on the
franchises created by the federal government."

This point was decided against the stated contention,
and the court, after citing numerous decisions of its
own sustaining its view, adds this conclusion in final
disposition of that question : "These cases [the ones
cited], taken together, establish the proposition that

21 CA

the privilege given to telegraph companies, under the terms of the congressional act mentioned, to use the military and post roads of the United States for the poles and wires of the company, is to be regarded as permissive in character and not as creating corporate rights and privileges to carry on the business of teleg-- raphy, which were derived from the laws of the state incorporating the company, and that this permissive grant did not prevent the state from taxing the real and personal property belonging to the company within its borders or from imposing a license tax upon the right to do a local business within the state."

Dealing with the next point there urged as to the invalidity of the ordinance, that court further said: "It is further contended that the tax is unreasonable and the ordinance therefore void because of its effect upon interstate business. The reasonableness of the ordinance, unless some federal right set up and claimed is violated, is a matter for the state to determine. It is contended that the result of the tax upon the intrastate business conducted at a loss is to impose a burden upon the interstate business and is therefore void. The Supreme Court of Alabama (*Williams v. City of Talladega,* 164 Ala. 623 [51 South. 330]), however, reached the conclusion that the attempted test (by the income and expenses) for 11 months, showing a loss of 86 cents, is not a sufficiently accurate representation of the business of the company conducted at Talladega to render the tax void. With this view we agree, and we are not satisfied that the tax is such as to impose a burden upon interstate commerce, and therefore make it subject to attack as a denial of federal right."

Coming to the last point insisted upon in that case, the opinion proceeds: "It is further contended that this ordinance is void because it makes no exception as

to the sending of government messages. In this respect it is suggested in the brief of the defendant in error that the ordinance may be construed as not to include business transacted by the company as an agency of the government, and as applying only to commercial business of a different character; but in view of the construction which the Supreme Court of Alabama in *Williams v. City of Talladega*, 164 Ala. 633 [51 South. 330]) has placed upon it, we must consider the ordinance as construed by that court. Upon the authority of a previous case (*Moore v. Eufaula*, 97 Ala. 670 [11 South. 921]), it held the ordinance valid, although it does not exclude messages sent for the government of the United States. In this connection the Supreme Court of Alabama said: 'The fact that a part of the business done by the company consists in the sending of messages for the government does not affect the right of the state to impose a reasonable privilege tax.' We therefore have to consider whether a license tax by a state, on the doing of business within the state, including the transmission of government messages, by a telegraph company which has accepted the terms of the act of 1866, can be lawfully imposed. By the said act of 1866, government messages are given priority over all other business, and are transmitted at the rates annually fixed by the Postmaster General; and, before the telegraph companies exercise any of the powers or privileges conferred by the law, they are required to file with the Postmaster General their written acceptance of the restrictions and obligations of the act (Rev. Stat. 5266-5268 [U. S. Comp. St. 1901, pp. 3580, 3581]). This court has had occasion to consider the effect of this legislation and the acceptance of its terms by the telegraph company, so far as the transmission of government business is concerned. In the case of *Telegraph Co. v.*

*Texas,* 105 U. S. 460 [26 L. Ed. 1067], an ordinance was held void which required the company to pay a tax of one cent for all full rate messages sent, and one-half cent for every message less than full rate. This was in addition to taxes paid by the company on real and personal property in the state. The ordinance was held void as levying a tax upon interstate messages, and also void in so far as it undertook to tax the transaction of government business. * * *. As to the government messages, it is a tax by the state on the means employed by the government of the United States to exercise its constitutional powers, and therefore void: Were it otherwise, an agency of the federal government, in the execution of its sovereign power, would be at the mercy of the taxing power of the state. We have, then, an ordinance which taxes, without exemption, the privilege of carrying on a business, a part of which is that of a government agency constituted under a law of the United States and engaged in an essential part of the public business—communication between the officers and departments of the federal government. The ordinance making no exception of this class of business necessarily includes its transaction within the privilege tax levied. This part of the license enacted necessarily affects the whole and makes the tax unconditional and void."

It will be observed that the ordinance here under consideration has the same defect as pointed out in that —it makes no exception from the business taxed of that part of it done by the telegraph company in sending and receiving government messages—and, under the authority cited, must fall. Being void for this reason, it becomes unnecessary to determine as to whether or not it is also void as exacting an unreasonable amount for the privilege of engaging in the business licensed.

[Loeb, et al. v. City of Montgomery.]

The judgment is reversed, and the cause remanded.
Reversed and remanded.