(105 So. 214)

## WOCO PEP CO. OF MONTGOMERY v. CITY OF MONTGOMERY. (3 Div. 698.)

(Supreme Court of Alabama. May 14, 1925. Rehearing Denied, June 25, 1925.)

**1. Criminal law ⬅═5, 13—Power to define crime and fix punishment rests with Legislature; statute or ordinance having such effect must be explicit.**

Power to define crime and fix punishment for commission thereof rests with Legislature, and statute or ordinance having such legal effect must be so explicit as that all men subject thereto may know what act it is his duty to avoid or observe.

**2. Taxation ⬅═42(1)—Legislature has reasonable discretion as to grounds of classification for taxation.**

Legislature has reasonable discretion as to grounds of classification for exercise of police power to end of a proper regulation and due taxation.

**3. Licenses ⬅═7(4) — Ordinance imposing license tax on those engaged in sale of motor fuel and other oils held not unconstitutional.**

Ordinance imposing license tax on those engaged in selling motor fuel and other oils held not violative of Const. 1901, § 211, because amount of tax was determined by number of gallons sold.

**4. Licenses ⬅═34—Plaintiff might recover license taxes and penalties paid to city under protest.**

Where plaintiff paid, under protest, city's demands for license tax and penalties imposed by ordinance, and duly petitioned city for a refund thereof, which was denied, to extent of any unlawful exaction by city, amount so paid might be recovered, in view of Code 1923, § 3144.

**5. Licenses ⬅═1—License is not an obligation that is protected by contract laws.**

A license is not an obligation between granting powers and licensee, that is protected in general sense by contract laws.

**6. Licenses ⬅═9(2)—Subsequent ordinance held to repeal prior ordinance if valid.**

Subsequent ordinance, imposing a license tax on those engaged in sale of motor fuels and other oils, which was materially different and inconsistent with former ordinance, covering same general classification, subject-matter, and business, and subsequent ordinance purporting to be a complete re-enactment as to subject-matter, if valid, repealed former ordinance.

**7. Municipal corporations ⬅═116—Rule as to repeal of statute applies to municipal ordinances.**

Rule as to repeal of statutes applies with like force to municipal ordinances.

**8. Taxation ⬅═42(1)—Rule as to creating classes on whom taxing powers may be laid stated.**

In creating classes upon whom taxing powers may be laid, class described must have a reasonable relation to subject of legislation, law

must be uniform in its operation, and administration on subjects of same class, so that each be made to bear equally and uniformly burden imposed, and burden must be reasonable.

**9. Taxation ⬅═42(1)—Tests for determination of operation of law or ordinance as to classification contained therein within Constitution stated.**

Tests for determination of operation or administration of a law or ordinance as to a classification contained therein within state and federal Constitutions are that class must be germane to purpose of the law, must bring within its influence all who are under same conditions, and apply equally to each person or member of class or each person or member who may become one of such class, must not be so restricted and made to rest upon existing circumstances only, as not to include proper additions to number included within the class, must be based on substantial distinctions which make one class different from another, and must be reasonable and not oppressive and prohibitive.

**10. Licenses ⬅═7(1)—Municipality cannot pass ordinances inconsistent with state general laws, nor levy privilege or license tax on delivery of lawful article within city where sale not made therein.**

Municipality may not pass an ordinance that is inconsistent with state's general laws, in view of Const. § 89, and has no right to levy a privilege or license tax on delivery of a lawful article or commodity in city or its police jurisdiction, when sale or contract of sale was not made therein, in view of Gen. Acts 1919, p. 1030 (Code 1923, § 2173).

**11. Constitutional law ⬅═230(2)—Licenses ⬅═7(6)—Ordinance imposing license tax on those engaged in selling motor fuel and other oils held unconstitutional as not being equal and uniform.**

Ordinance imposing a license tax on those engaged in selling motor fuels and other oils, and exempting in its operation those who purchase from a local dealer or distributor, and taxing those who purchase from a nonresident dealer of the city, who contracts to buy delivered in the city, held violative of Const. U. S. Amend. 14, and Const. Ala. 1901, §§ 1, 35, as not being equal and uniform.

**12. Licenses ⬅═7(1)—Ordinance imposing license tax on those engaged in selling motor fuel and other oils held invalid where tax affected conduct of business.**

Ordinance imposing a license tax on those engaged in selling motor fuels and other oils held invalid, where tax imposed in its operation affected manner of conduct of purchaser's business, as touching wholesaler from whom plaintiff purchased its oils for resale.

**13. Municipal corporations ⬅═120—Ordinance must be uniformly applied under state and federal Constitutions.**

An ordinance must be uniformly applied under state and federal Constitutions.

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. Licenses ☞7(1)—Ordinance imposing license tax on those engaged in sale of motor fuel and other oils held unconstitutional, in that it may be arbitrarily enforced.**

Ordinance imposing license tax on those engaged in its operation those who purchase from a local dealer or distributor, and taxing those who purchase from a nonresident dealer of the city, who contracts to buy delivered in the city, *held* violative of Const. 1901, § 89, and Gen. Acts 1919, p. 1030 (Code 1923, § 2173), in that it may be arbitrarily enforced.

**15. Licenses ☞7(9)—License tax imposed on those engaged in sale of motor fuel and other oils was prima facie reasonable.**

Tax imposed by ordinance on those engaged in sale of motor fuel and other oils was prima facie reasonable.

**16. Municipal corporations ☞120—Ordinance must be given a reasonable time to test effect of its administration.**

An ordinance must be given a reasonable time for test as to effect of its administration.

**17. Licenses ☞7(9)—Court unable to say that license tax imposed by ordinance was confiscatory, where sufficient time had not elapsed.**

Court was unable to say that license tax imposed by ordinance on those engaged in sale of motor fuel and other oils was prohibitive and confiscatory, where at time proceedings were initiated to test validity of ordinance a sufficient time had not elapsed in which to determine such question.

**18. Municipal corporations ☞115—Statutes ☞168—Repealing ordinance or statute, if held unconstitutional, does not repeal prior valid ordinance or statute.**

Generally, a repealing ordinance or statute, if held to be unconstitutional and void, does not repeal a prior valid ordinance or statute.

**19. Licenses ☞7(3)—Ordinance imposing license tax on those engaged in sale of motor fuel and other oils held valid.**

Ordinance imposing a license tax on those engaged in sale of motor fuel and other oils, with amount of tax being based on doing business at a designated point, *held* valid as being based on a reasonable classification.

**20. Licenses ☞7(9) — That plaintiff paid under protest specific license tax provided by prior ordinance held not to render invalid further increased license tax provided by subsequent ordinance.**

That plaintiff paid under protest specific license tax imposed by prior ordinance, for purpose of operating filling stations at designated points in the city, did not render invalid further increased license tax imposed by subsequent ordinance on those engaged in sale of motor fuel and other oils based on number of gallons sold.

**21. Licenses ☞16(9)—Ordinance imposing license tax on sale of motor fuel held not to apply to gasoline sold outside corporate limits.**

Ordinance imposing license tax on those engaged in sale of motor fuel and other oils, based on number of gallons sold, *held* not to apply to gasoline sold by plaintiff wholly outside corporate limits of municipality and within its police jurisdiction.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by the Woco Pep Company of Montgomery against the City of Montgomery, to recover taxes paid under protest. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

London, Yancey & Brower and Clara Cain, all of Birmingham, for appellant.

An ordinance amended by being entirely rewritten is as completely repealed as if an ordinance had been adopted expressly revoking same, and money paid thereunder, under protest, may be recovered. Allgood v. Sloss Co., 196 Ala. 500, 71 So. 724; Booth v. Carthage, 67 Ill. 102; Wethington v. Owensboro (Ky.) 53 S. W. 644; De Lano v. Doyle, 120 Mich. 258, 79 N. W. 188; Grand Rapids v. Norman, 110 Mich. 544, 68 N. W. 269; Knight v. West. Union, 45 W. Va. 194, 32 S. E. 163; McQuillan's Municipal Ordinances, § 203; Code 1923, § 3134. An ordinance which is so contradictory and ambiguous that it cannot be determined with certainty the business or class of businesses, or the person, firm, or corporation, who should comply with it, will be stricken by the courts. U. S. v. Brewer, 139 U. S. 278, 11 S. Ct. 538, 35 L. Ed. 190; State v. Skinner (Ala. App.) 101 So. 327.[1] A so-called municipal license tax ordinance, which provides that a person engaged in the business on which a license is fixed, who purchases all of the product sold by such person from a person who has paid a license for the sale of the article, shall not be required to pay a license, is not a license tax, but a tax on the article. Republic Iron & Steel Co., 204 Ala. 469, 86 So. 65; Const. 1901, § 211. A municipal corporation has no right, power, or authority to tax the delivery of a commodity in the city, where no sale is made in the city. Wagner v. City of Covington, 251 U. S. 95, 40 S. Ct. 93, 64 L. Ed. 157; Citizens' National Bank v. Buckheit, 14 Ala. App. 511, 71 So. 82; Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 So. 403; The Emporium v. City of San Mateo, 177 Cal. 622, 171 P. 434; Acts 1919, p. 1030; Code 1923, § 2173. A municipal ordinance, fixing a license tax, which discriminates between persons, firms, or corporations of the same class, is unconstitutional and void. Quartlebaum v. State, 79 Ala. 4; Lawton v. Steele, 152 U. S. 137, 14 S. Ct. 499, 38 L. Ed. 385: Cooley on Taxation (2d Ed.) p. 169; Id. (3d Ed.) pp. 259, 260; McQuillan on Municipal Ordinances, § 417, p. 630. Where the business engaged in is a necessary and legitimate business, it cannot be regulated or taxed out of existence, nor can an unreasonable license tax be placed thereon. City

Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43; In re Quong Woo (C. C.) 13 F. 229; Morton v. Macon, 111 Ga. 162, 36 S. E. 627, 50 L. R. A. 485; Lawton v. Steele, 152 U. S. 137, 14 S. Ct. 499, 38 L. Ed. 385. An ordinance requiring an extra license for a merchant for doing an act incident to his main business, for which a license has been obtained, is unconstitutional and void, is discriminatory, and double taxation. City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43; Mayor and Aldermen v. Holczstein, 134 Ala. 636, 32 So. 1007; Acts 1894–95, p. 635; Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L. R. A. 1918C, 522; Gamble v. City of Montgomery, 147 Ala. 682, 39 So. 353.

Ludlow Elmore, of Montgomery, and Reese & Reese, of Selma, for appellee.

The tax imposed is not a property tax. Goldsmith v. City of Huntsville, 120 Ala. 184, 24 So. 509. The same strictness for amending statutes does not apply to amending ordinances. The ordinance of February, 1924, did not repeal that of December, 1923. Goldsmith v. City of Huntsville, supra. Allgood v. Sloss Co., 196 Ala. 500, 71 So. 724; 36 Cyc. 1083; O'Rear v. Jackson, 124 Ala. 298, 26 So. 944. The license tax is not discriminatory. Kennamer v. State, 150 Ala. 74, 43 So. 482; Standard C. & O. Co., v. Troy, 201 Ala. 89, 77 So. 383, L. R. A. 1918C, 522. The amount is presumed to be reasonable. Williams v. Talladega, 164 Ala. 633, 51 So. 330; W. U. T. Co. v. Decatur, 16 Ala. App. 679, 81 So. 199. It is not unreasonable because licensee conducts its business at a loss. Troy v. W. U. Tel. Co., 164 Ala. 482, 51 So. 523, 27 L. R. A. (N. S.) 627. The gallonage license, in addition to flat license, is not double taxation. Dunlap v. State, 16 Ala. App. 440, 78 So. 638. The ordinance of 1923 was not a contract, and did not prevent the city from increasing the license. 25 Cyc. 627; Comm. v. Wagner, 9 Pa. Co. Ct. R. 625; Savannah v. Crawford, 75 Ga. 35. The operation of the statute will not be limited to business thereafter conducted. Allgood v. Sloss Co., supra; Ely v. Holton, 15 N. Y. 595; Barrows v. People's Gaslight & Coke Co. (C. C.) 75 F. 794. Defendant has the right to license business done within the police jurisdiction. Acts 1923, p. 580.

THOMAS, J. The suit was for license tax and penalties paid under protest by plaintiff to the city of Montgomery.

The complaint contained the common counts and special counts for alleged illegal license taxes exacted and paid under protest by virtue of the ordinance of December 29, 1923, and for license tax and penalties on sales made outside the city and within its police jurisdiction.

The claims filed with the city and denied

payment by its board of commissioners were for said several sums and penalties thereon. They were of several classes, of which was the claim for license tax and penalties on sales of motor fuel outside the corporate limits of the city and within its police jurisdiction in the amount of 18,603 gallons, which the witness Gardner interprets in money as being $186.03.

[1] The power to define crime and fix the punishment for the commission thereof rests with the legislative department of government. The statute or ordinance having such legal effect must be so explicit as that all men subject thereto may know what act it is his duty to avoid or observe. State v. Skinner (Ala. App.) 101 So. 327;[1] State v. Goldstein, 207 Ala. 569, 93 So. 308; United States v. Cohen Gro. Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; United States v. Brewer, 139 U. S. 278, 11 S. Ct. 538, 35 L. Ed. 190.

[2] The exercise of the police power to the end of a proper regulation and due taxation within the law has been given much consideration by the courts. Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 91, 77 So. 383, L. R. A. 1918C, 522; State v. Goldstein, 207 Ala. 569, 93 So. 308; Ex parte Robert Smith (Ala. Sup.) 102 So. 122;[2] Adams, Tax Col. v. Southern Ry., 167 Ala. 383, 52 So. 439; Van Hook v. City of Selma, 70 Ala. 363, 45 Am. Rep. 85; American U. T. Co. v. Western U. T. Co., 67 Ala. 26; Boyd v. Alabama, 94 U. S. 645, 24 L. Ed. 302. Reasonable discretion is conceded by the courts to legislative authority in respect of the grounds of classification for the foregoing purposes. Board of Commissioners v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575; Standard Chemical Oil Co. v. City of Troy, 201 Ala. 89, 91, 77 So. 383, L. R. A. 1918C, 522; Ex parte Robert Smith, 212 Ala. 262, 102 So. 122; Yick Wo v. Hopkins, 118 U. S. 371, 6 S. Ct. 1064, 30 L. Ed. 220.

[3] The method employed, in the respective ordinances, of December 29, 1923, and February 5, 1924, for measuring and determining the aggregate amount required of plaintiff to be paid the city as a privilege or license tax per month on the business classified in the ordinance, was not a violation of section 211 of the Constitution, and was within the rule applied in Republic I. & S. Co. v. State, 204 Ala. 469, 86 So. 65.

Plaintiff complied with the provisions of the general ordinance approved December 17, 1923 (section 137), as to its filling stations located, respectively, at the corner of Bibb and Moulton and Monroe and McDonough streets in the city of Montgomery. The licenses issued to it purported to cover the period of 1924. It was provided in said ordinance as follows:

---

[1] 20 Ala. App. 204.        [2] 212 Ala. 262.

"Section 1. That the following be and is hereby declared to be the schedule of licenses for the year beginning January 1st, 1924, and ending December 31st, 1924, and each person, firm or corporation engaged in any business, trade or profession, or keeping or carrying on any establishment, or other thing, or doing any act in this section specified, shall pay an annual license thereof, as follows:

\* \* \* \* \* \* \*

"137. Gasoline and Oil. Retail dealers in and agents for the sale of gasoline and oil exclusively, each $150.00.

"(a) Retail dealers in gasoline and oil in connection with other business, first pump or filler, $25.00.

"(b) For each additional filler pump, $15.00.

\* \* \* \* \* \* \*

"Sec. 2. That all license fixed in the foregoing section shall apply per annum, except where otherwise specifically provided. Provided, that after July 1st, of each year, six months' license may be issued as provided by law, except as where otherwise stated."

It is further provided in that ordinance:

"Sec. 4. That any person desiring to engage in any trade, business or occupation for which a license is required, and for which a fixed place of business is required, shall designate the place at which said trade, business or occupation is to be carried on, and the license thereunder shall designate such place and such license shall authorize the carrying on of such trade, business or occupation only at such place. For each place at which said trade, business or occupation is carried on a license shall be paid."

The following is also contained in that ordinance (of December 17, 1923):

"Sec. 11. That the adoption of this schedule of licenses shall not abridge the right of the board of commissioners of the city of Montgomery, or other governing body, to change, alter, decrease or revoke any of the above licenses at any time. \* \* \*"

The ordinance of December 29, 1923, makes no reference to sales within the police jurisdiction of the city; that of December 17, 1923, contains such provision for "half tax" in its section 15 of subsection 137 of section 1; and the ordinance of February 15, 1924, sought to make a general provision for sales within the corporate limits or police jurisdiction of the city. We are not advised of other provisions for the license or privilege tax than those given expression in the several ordinances to which we have adverted.

[4] The plaintiff having paid, under protest, the city's demands for said license taxes and penalties, and duly petitioned the city for a refund thereof, which was denied, to the extent of any said unlawful exaction by the city the amounts so paid may be recovered. Code 1923, § 3144; Allred v. Dunn, Tax Col., 207 Ala. 469, 471, 93 So. 390; Child Labor Tax Case, Bailey v. Drexel Furniture Co., 259 U. S. 33, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432.

The provision of section 89 of the Constitution is:

"The Legislature shall not have power to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state."

And the provision of the act of the Legislature approved September 29, 1919, is:

"That no municipality of this state shall assess or collect any privilege or license tax, or fee, from any person, firm or corporation for carrying on any business trade or profession, when the conduct and operation of such business trade or profession is wholly outside the corporate limits of such municipalities." Gen. Acts 1919, p. 1030.

This act is incorporated in the Code of 1923 as section 2173.

[5] To an understanding of the questions before us, it is necessary to advert to the nature of the license tax in question in determining the power of the commission to alter the same after the issue of the license under section 11 of the ordinance of December 17, 1923. In Southern Car & Foundry Co. v. State, 133 Ala. 624, 629, 32 So. 235, it was declared that such license was personal. Southern Car & Foundry Co. v. Calhoun County, 141 Ala. 250, 37 So. 425; 25 Cyc. 625. It is not an obligation between the granting powers and the licensee that is protected in the general sense by the contract laws. (Bleon v. Emery, 60 Utah, 582, 209 P. 629), and it is revocable at pleasure. (Powell v. State, 69 Ala. 10; Jones v. Motley, 78 Ala. 370; Foshee v. State, 15 Ala. App. 113, 72 So. 685; Dreyfus v. City of Montgomery, 4 Ala. App. 270, 58 So. 730; Munn v. Illinois, 94 U. S. 113, 24 L. Ed. 77; Boyd v. Alabama, 94 U. S. 645, 24 L. Ed. 302; Burgess v. City of Brockton, 235 Mass. 95, 126 N. E. 456; State v. Cote, 122 Me. 450, 120 A. 538; Mahaney v. Cisco [Tex. Civ. App.] 248 S. W. 420; Prather v. Storey [Tex. Civ. App.] 249 S. W. 871; 25 Cyc. 625; Fell v. State, 42 Md. 71, 20 Am. Rep. 88; Cooley's Const. Lim. [5th Ed.] 343; Pomeroy's Const. Lim., § 554). See, also, Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L. R. A. 1918C, 522; Van Hook v. City of Selma, 70 Ala. 361, 45 Am. Rep. 85.

[6] As to plaintiff's liability for the privilege tax for doing said business in the city (and in its police jurisdiction), for which a license or privilege tax is charged and measured by the gallon, a consideration of the three city ordinances, the Constitution, and the general law of the state which has application, is necessary. We have adverted to the provisions of the general ordinance of December 17, 1923, the Constitution, and general laws of the state. Reverting to the ordinances in evidence—that of December 29, 1923, and February 5, 1924—the latter is materially different from the former, purports to be a complete re-enactment as to the sub-

ject-matter, and, if free from constitutional objection, repealed the former. The title to the ordinance of December 29, 1923, is:

"An ordinance to fix a license tax on persons, firms or corporations engaged in the business of selling or distributing gasoline or other liquid motor fuels, kerosene and lubricating oils, one or all; to provide for the ascertainment, collection and payment of such license and fixing penalties for the violation of any of the provisions of the ordinance."

The second ordinance, of February 5, 1924, was amendatory of the first, and provided:

"Be it ordained by the board of commissioners of the city of Montgomery, as follows: That an ordinance, entitled 'An ordinance, to fix a license tax on persons, firms and corporations engaged in the business of selling or distributing gasoline or other liquid motor fuels, kerosene and lubricating oils, one and all, and to provide for the penalties for the violation of the ordinance; be and the same is hereby amended to read as follows."

The ordinance of December 29, 1923, among other things defined a "distributor" as including any "person" who shall sell motor fuel as indicated; prescribed in its second section that "every distributor" shall pay a license tax of one cent per gallon *upon the sale* of gasoline and one-half cent per gallon upon the sale "of kerosene oil by wholesale," not to apply as to United States commerce; provides that on the 10th day of February, 1924, and the 10th day of each succeeding month, every such distributor shall file with the city clerk the sworn statement required, "and at the time of filing such statement shall pay * * * an amount * * * equal to the license tax thereon" provided. However, the provision is contained in the ordinance of February 5, 1924, that "distributor or seller" shall include every person as the word "person" is defined—every person, individual, partnership, company, agency, firm, or association who "shall engage in *selling or delivering* gasoline as herein defined or kerosene oil within the corporate limits or its police jurisdiction, of said city." (Italics supplied.)

By its second section the last ordinance provided that every "distributor or seller" as defined shall pay a license tax to the city in "a sum and an amount equal to one cent on each and every gallon of gasoline, as above defined and one-half a cent on each and every gallon of kerosene, *sold or delivered.*" (Italics supplied.)

Its third section deals with a business located wholly within the police jurisdiction of the city and having no place of business in the corporate limits; requiring of such business the payment of one-half of the above-named "license tax."

The fourth section of the last ordinance provided that any person engaged as such seller or distributor "in selling or distributing *gasoline and kerosene,* purchased in whole from other sellers or distributors, who have paid the license thereon" fixed in the ordinance, "shall be required to pay no license based on the sale or delivery of such gasoline or kerosene so purchased"; but, in order to obtain the exemption the written sworn statement required must by the time required be filed as to the preceding calendar month, containing the required facts or information. (Italics supplied.)

Provision is made in the fifth section thereof for filing the sworn statement required with the city clerk of the business in gasoline and kerosene *"sold and delivered"* during the preceding month beginning March 10th, and the 10th of each month thereafter. (Italics supplied.)

The sixth section exempts deliveries or sales which constitute interstate commerce.

The seventh section declared it unlawful for any seller or distributor, having no place of business within the corporate limits or police jurisdiction of the city, to make *sales or deliveries* of gasoline without first obtaining a permit from the city clerk to do so, and enforced the same by the required license as fixed in the ordinance and additional punishment as a misdemeanant. So also as to the failure to file the statement. Section 8.

The ninth section of the ordinance of February 5, 1924, provides that the license shall be paid, by the person against whom the same is fixed and levied, on or before the 10th day of each calendar month preceding the filing of the statement, and also provides for the payment or collection of the taxes, fines, and penalties imposed.

The last ordinance, if valid, repealed that of December 29, 1923. Pillans v. Hancock, 203 Ala. 570, 573, 84 So. 757; Gardner v. City of Montgomery (Ala. Sup.) 105 So. 222;[3] Allgood v. Sloss-Sheffield S. & I. Co., 196 Ala. 500, 71 So. 724.

It is unnecessary that we further set out the several provisions of the two ordinances. They are materially different and inconsistent, cover the same general classification, subject-matter, and business. The reading of these ordinances evidences the legislative intention that the latter was to be the municipal duty imposed on the classes dealt with, and the rule of conduct to be observed by those of said classifications or agents thereof.

[7] The rule as to the repeal of statutes applies with like force to municipal ordinances. Cahall v. Citizens' Mut. Bldg. Ass'n, 61 Ala. 232; Lemay, Ex'r, v. Walker, 62 Ala. 39; Scott v. Simons, 70 Ala. 352; Allgood v. Sloss-Sheffield S. & I. Co., 196 Ala. 500, 71 So. 724; Board of Revenue v. Johnson, 200 Ala. 533, 76 So. 859. See, also, application as to acts of Congress. Levy, Aron-

[3] Post, p. 460.

son & White v. Jones, 208 Ala. 104, 93 So. 733.

Whether there was error in admitting in evidence the ordinance of date December 29, 1923, depends on the fact of the constitutionality of the ordinance of February 5, 1924. If the ordinance of February 5, 1924, became effective, it was a repeal of the ordinance of December 29, 1923. If so, there was no ordinance of force that required a return before March 10th for license tax of plaintiff for the sales made by it in the city or its police jurisdiction—touching the respective gallons of gasoline during the month of January. Such is the result if the ordinance of February 5, 1924, be given retrospective operation and in furtherance of section 137 of that general ordinance of December 17, 1923, as applying to the conduct of plaintiff's business in the city of Montgomery at the time of Gardner's arrest and exaction of penalties. That is to say, if said gallonage license tax be required of plaintiff, it had until the 10th day of March, 1924, under the ordinance of February 5, 1924, to make return and payment thereof, and the exaction of payment and penalties for default and the payment under protest of said several sums was made on February 23, 1924, before there was any default under said ordinance, and before any penalties, aggregating $214.40, might be imposed under the ordinance of February 5, 1924. Such is not the result if the ordinance of December 29, 1923, had application.

[8, 9] Was the ordinance of February 5, 1924, a valid enactment? The adjudicated cases are to the effect that, in creating classes upon whom the taxing powers may be laid, (a) such class declared must have a reasonable relation to the subject of legislation; (b) the law must be uniform in its operation, and administration upon the subjects of the same class, so that each be made to bear equally and uniformly the burden imposed; and (c) the burden must be reasonable. The application of these rules is sometimes difficult. Tests for the determination of the operation or administration of a law or ordinance as to a classification contained therein within the Constitutions, state and federal, are that the class (1) must be germane to the purpose of the law; (2) must bring within its influence all who are under the same conditions and apply equally to each person or member of the class, or each person or member who may become one of such class; (3) must not be so restricted and made to rest upon existing circumstances only as not to include proper additions to the number included within the class; (4) must be based on substantial distinctions which make one class different from another; and (5) must be reasonable under the facts of the case, and not oppressive and prohibitive. Gamble v. City Council of Montgomery, 147 Ala. 682, 39 So. 353; Republic I. & S. Co. v. State, 204 Ala. 469, 86 So. 65; St. Louis Co. v. Illinois, 185 U. S. 203, 22 S. Ct. 616, 46 L. Ed. 872; State v. W. U. T. Co., 208 Ala. 228, 94 So. 466. This is necessary to secure uniformity in the operation, administration, and proper distribution of the burdens of government. Ex parte Robert Smith, 212 Ala. 262, 102 So. 122; Republic I. & S. Co. v. State, 204 Ala. 469, 86 So. 65.

[10] A municipality may not pass an ordinance that is inconsistent with the general laws of the state (Const. § 89), and has no right to levy a privilege or license tax on the delivery of a lawful article or commodity in the city or its police jurisdiction, when the sale or contract of sale was not made in the city or its police jurisdiction. Gen. Acts, 1919, p. 1030; Code 1923, § 2173; Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 So. 403; Citizens' Nat. Bank v. Buckheit, 14 Ala. App. 511, 71 So. 82. The word "delivery" so runs through the whole of the ordinance of February 5, 1924, and, not being included in the former ordinance, it may not be stricken without doing violence to the legislative intent. The same gallonage tax on sales had been contained in the former ordinance. However, it must be declared whether the ordinance was uniform, reasonable, and based on a valid classification.

In Quartlebaum v. State, 79 Ala. 1, Mr. Chief Justice Stone gave the subject attention in dealing with an act imposing a license tax on the business of selling sewing machines, and which exempted from the payment of such tax merchants engaged in a general business, keeping for sale sewing machines "as a part of their stock in trade." His pertinent observation was:

"Much must be left to the discretion of the Legislature, for exact equality of taxation can never be reached. So long as the burden falls with equal weight upon every member of a given class, natural and artificial persons alike, it is difficult to formulate an argument that such levy violates any provision of our own, or of the federal Constitution. Neither of them requires a horizontal tax." City of Troy v. W. U. T. Co., 164 Ala. 482, 487, 51 So. 523, 27 L. R. A. (N. S.) 627.

In City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43 (on the authority of Phœnix Carpet Co. v. State, 118 Ala. 151, 22 So. 627, 72 Am. St. Rep. 143), it is said: "When a tax is imposed on avocations or privileges, or on the franchises of corporations, it must be equal and uniform. The equality and uniformity consists in the imposition of the like tax upon all who engage in the avocation, or who may exercise the privilege" that is taxed. This necessarily follows in the exercise of the inalienable right of every citizen and guarantee that the sole object and only legitimate end of government is to pro-

tect the citizen in his privileges or immunities that they be not abridged, that private business be not arbitrarily interfered with, and that the lawful occupations of citizens may not have imposed thereon unusual and unnecessary restrictions. Fourteenth Amendment to Constitution of the United States; Lawton v. Steele, 152 U. S. 137, 14 S. Ct. 499, 38 L. Ed. 385; Constitution of Alabama, §§ 1, 35; Republic I. & S. Co. v. State, supra; State v. Goldstein, supra.

[11] Was the requirement of equality and uniformity observed in the ordinance of February 5, 1924, as to "all who engage in" the business of selling and delivering motor oils and kerosene? Was the ordinance discriminative between individuals—persons as defined in the ordinance—of the class subjected to the payment of the gallonage tax imposed as a privilege license tax? Did it select some of the class for the imposition thereon of an exceptional burden, for the mere reason that they purchased their motor gasoline or kerosene on the open markets of the country, beyond the city limits and its police jurisdiction, and to be delivered at Montgomery? Did it exempt others of the class who purchased gasoline and oil in Montgomery from one who sold here, having paid a wholesaler's license tax to the city? We answer that the ordinance in this respect is arbitrary, in that it imposes, in its operation and administration, an exceptional burden such as deprives the ordinance of the necessary element of "legal equality." City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43; Gamble v. City Council of Montgomery, 147 Ala. 682, 39 So. 353; Mefford v. City of Sheffield, 148 Ala. 539, 41 So. 970; City of Troy v. W. U. T. Co., 164 Ala. 482, 51 So. 523, 27 L. R. A. (N. S.) 627; McLendon v. State, 179 Ala. 54, 60 So. 392, Ann. Cas. 1915C, 691; Bigbee Fertilizer Co. v. Smith, Auditor, 186 Ala. 552, 65 So. 37; Ex parte City of Birmingham v. O'Connell, 195 Ala. 60, 70 So. 184; Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L. R. A. 1918C, 522; Republic I. & S. Co. v. State, 204 Ala. 469, 86 So. 65; Maury v. State, 208 Ala. 46, 93 So. 802; Cooley on Taxation (2d Ed.) pp. 20, 169.

Mr. Cooley, after collecting the cases for illustration, said of "legal. equality" in respect of taxation:

"A tax laid exclusively on merchants' goods might not be burdensome to those who, in the first instance, paid it, since the effect would only be to increase the price to the consumer, and thus to diffuse the burden through the whole community. A license tax might not be unjust though laid upon a single occupation, provided that it was so laid that none who followed that occupation escaped it. [State v. Willingham, 9 Wyo. 290, 62 P. 797 (52 L. R. A. 198, 87 Am. St. Rep. 948).] Let it reach all of a class, either of persons or things,

it matters not whether those included in it be one or many, or whether they reside in any particular locality or are scattered all over the state. But when, for any reason, it becomes discriminative between individuals of the class taxed, and selects some for an exceptional burden, the tax is deprived of the necessary element of legal equality, and becomes inadmissible. [Atchison, T. & S. F. R. Co. v. Clark, 60 Kan. 826 (58 P. 477, 47 L. R. A. 77).] It is immaterial on what ground the selection is made; whether it be because of residence in a particular portion of the taxing district [St. Louis v. Spiegel, 75 Mo. 145], or because the persons selected have been remiss in meeting a former tax for the same purpose [State v. Township Committee, 36 N. J. Law, 66], or because of any other reason, plausible or otherwise; for, if the principle of selection be once admitted, limits cannot be set to it, and it may be made use of for the purposes of oppression, or even of punishment. [Kansas City v. Whipple, 136 Mo. 475 (38 S. W. 295, 35 L. R. A. 747, 58 Am. St. Rep. 657); State v. Hoyt, 71 Vt. 59, 42 A. 973.] It might also be made use of to give special privileges in the nature of monopolies; as if loans of money were in general taxed, but those made by named persons, or by residents of a named locality, were exempted; in which case the injustice would be so manifest that none could defend it." Cooley on Taxation (3d Ed.) pp. 259–261.

The ordinance of February 5, 1924, exempts, in its operation, those who purchase from a local dealer or distributor, and taxes those who purchase from a nonresident dealer of the city who contracts to buy delivered in the city.

[12] Moreover, the license tax imposed in its operation affects the manner of the conduct of the purchaser's business as touching the wholesaler from whom plaintiff purchases its motor or fuel oil for resale. This may not be done under the law. City Council of Montgomery v. Kelly, supra; Alabama Consolidated C. & I. Co. v. Herzberg, 177 Ala. 248, 59 So. 305; Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L. R. A. 1918C, 522; Maury v. State, 208 Ala. 46, 93 So. 802.

[13, 14] The ordinance may become objectionable, in the administration thereof, if it be not uniformly applied, as it must be under the authorities, state and federal. Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220; Board of Commissioners v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575. It provides that it shall be unlawful for any seller or distributor, having no place of business either within the city or its police jurisdiction, "to make any sales or deliveries" (italics supplied) of gasoline or kerosene therein, without first obtaining a permit from the city clerk to do so; and it provides no uniform rule of action or reasonable regulation as to the issuance of the permit; and it provides a penalty or criminal punishment for the failure to obtain such permit before making sale or delivery. It reserves to the city or its officials the right to grant or with-

hold the privilege arbitrarily. Section 7 of the ordinance adopted February 5, 1924, is offensive to the general laws of the state (Gen. Acts, 1919, p. 1030; Const. § 89), and to the decision rendered in City Council of Montgomery v. West, 149 Ala. 311, 42 So. 1000, 9 L. R. A. (N. S.) 659, 123 Am. St. Rep. 33, 13 Ann. Cas. 651. See, also, Birmingham R., L. & P. Co. v. Kyser, 203 Ala. 121, 82 So. 151, and authorities collected in Lehmann v. State Board of Public Accountancy, 208 Ala. 185, 190, 94 So. 94.

[15-17] Is the license tax, as fixed, unreasonable, prohibitive, and confiscatory? Prima facie the tax was reasonable. Gamble v. City Council of Montgomery, 147 Ala. 682, 39 So. 353; Williams v. City of Talladega, 164 Ala. 633, 51 So. 330; Id., 226 U. S. 404, 33 S. Ct. 116, 57 L. Ed. 275. In N., C. & St. L. Ry. v. City of Attalla, 118 Ala. 362, 24 So. 450, it is declared that the reasonableness of a license tax cannot be determined by the extent of the business of a single corporation or individual, for obvious reasons— as, competition, negligence, or other conditions or misfortunes affecting the extent of such business and its profits or the amount of its earnings. And the ordinance must be given a reasonable time for test as to the effect of its administration. City of Troy v. W. U. T. Co., 164 Ala. 482, 51 So. 523, 27 L. R. A. (N. S.) 627; N., C. & St. L. Ry. Co. v. Alabama City, 134 Ala. 414, 32 So. 731; Kendrick v. State, 142 Ala. 43, 39 So. 203; Gamble v. City Council of Montgomery, 147 Ala. 682, 39 So. 353; Williams v. City of Talladega, 164 Ala. 633, 51 So. 330; Id., 226 U. S. 404, 33 S. Ct. 116, 57 L. Ed. 275; State v. W. U. T. Co., 208 Ala. 228, 94 So. 466; Dunlap v. State, 16 Ala. App. 440, 78 So. 638; W. U. T. Co. v. City of Decatur, 16 Ala. App. 679, 81 So. 199; Postal Telegraph-Cable Co. v. City of Decatur, 16 Ala. App. 684, 81 So. 204; W. U. T. Co. v. City of Troy, 7 Ala. App. 315, 61 So. 488.

The reasonable time in which an ordinance is to be tried in its practical operation was considered in Williams v. City of Talladega, 164 Ala. 633, 649, 51 So. 330. The observation is there made that, granting there was no competition or negligence affecting the telegraph business at Talladega, "at least one other consideration is that the city could not know in advance whether the business of the appellant's company would be conducted *during the year* at a loss or a profit, but it had the right, upon a *general survey of all conditions* [italics supplied] affecting its own welfare and that of the company, so far as they were disclosed by the experience of the past and the probabilities of the future, to levy in advance a reasonable tax, and the court must be led irresistibly to the conclusion that the tax is excessive *before it can pronounce the tax void*. The trifling deficiency shown in this case, occurring as the result of business for one short period, does not suffice to show an abuse of the taxing power." Atlantic, etc., Co. v. Philadelphia, 190 U. S. 160, 23 S. Ct. 817, 47 L. Ed. 995. The Williams Case, supra, was reversed by the Supreme Court of the United States for the partial invalidity in imposing a license fee upon the doing of the business of the government— "communication between the offices and departments of the Federal government." It was also declared that the municipal license tax on the right of an interstate telegraph company to do local business within the state "cannot be deemed to impose an unconstitutional burden upon its interstate business because a test for eleven months showed that the company did its intrastate business at that point [Talladega] at a net loss of eighty six cents." Williams v. City of Talladega, 226 U. S. 404, 417, 33 S. Ct. 116, 118, 57 L. Ed. 275, 280. Mr. Justice Day there said, of the decision on this point as to a reasonable time for administration of the ordinance by Mr. Justice Sayre:

"With this view we agree, and we are not satisfied that the tax is such as to impose a burden upon interstate commerce, and therefore make it subject to attack as a denial of Federal rights."

So of the instant ordinance. At the time the present proceedings were initiated to test the validity of the ordinance, we cannot say, under the evidence adduced, that a sufficient time had elapsed or had been given the operation of the ordinance to plaintiff's business and other businesses similarly circumstanced and conditioned, to enable us to say that the ordinance imposed a prohibitive tax—that is to say, that the ordinance imposed a tax which was unlawful and confiscatory and may not be lawfully "absorbed by the dealer" in the reasonable conduct of his business. The ordinance of February 5, 1924, is offensive to the Constitution for the lack of its uniform operation, and the further fact that it may be arbitrarily enforced. On each of said grounds it is condemned.

[18] The general rule is that a repealing ordinance or statute (as that of ·February 5, 1924), if held to be unconstitutional and void, has not the effect to repeal the valid ordinance or statute—as that of December 29, 1923. 36 Cyc. p. 1056D; Wood & Pritchard v. McClure, 209 Ala. 523, 96 So. 577; Ex parte Cowert, 92 Ala. 94, 9 So. 225; State v. Southern Ry. Co., 115 Ala. 250, 22 So. 589.

[19] We hold that there is a reasonable basis for the classification as to doing of the business in question at a designated point —as retail sales of gasoline and lubricating oils at and by filling stations—and for the slight difference in privilege gallonage tax when added to the license tax of $150.50 as distinguished from sales of said motor fuels and oils at other points in the corporate limits of the municipality of Montgomery. Ex parte Smith, 212 Ala. 262, 102 So. 122.

[20] The ordinance of December 29, 1923, being a valid and lawful enactment, its legal effect was to alter and increase, within the municipal tax year 1923–24 (as per the authority reserved to the city of Montgomery by or that asserted to exist in the provisions of section 11 of the ordinance), the license or privilege tax as stated in subsection 137 of section 1 of the ordinance of December 17, 1923. The fact that plaintiff had paid under protest to the city the sum of $150.50, the specific license tax provided in the ordinance of December 17, 1923, for doing said business at the designated points or locations in the city, without more, did not render invalid the other or further increased license tax provided for in the ordinance of December 29, 1923. That ordinance was properly admitted in evidence, and judgment was properly rendered in favor of the city for sums paid under these ordinances.

It follows that the ordinance of December 29, 1923, was valid and of force, and required the reports in question on February 10, 1924, as to plaintiff's said sales in the city at its filling stations. Plaintiff's president, Mr. Gardner, testifies that his company did not report or pay the license tax on city sales on or before February 10, 1924. The failure in this, and the doing of business thereafter within the city without paying the license, was in violation of the law.

[21] The item of $186.03 was claimed by plaintiff (as petitioner, and denied by the board of commissioners of the city) as paid under protest February 23, 1924, as a license tax on the sale of 18,603 gallons of gasoline which were sold by plaintiff wholly outside the corporate limits of said municipality and its police jurisdiction. It could not be collected under the provisions of the ordinance of December 29, 1923, for such sales are not within its terms. The provisions of the ordinance of December 17, 1923, did not authorize the collection of said sum of $186.03, for it contained no such gallonage tax. And if said ordinances so provided, they would have been contrary to the general law of the state. See Gen. Acts 1919, p. 1030; Const. § 89.

The judgment of the circuit court is reversed, and the civil case is remanded for not awarding judgment for plaintiff for the sum of $186.03 and interest from date of its payment to the city and penalty imposed thereon—sums exacted as a privilege tax on sales made wholly without the corporate limits of the city. 11 C. J. 791; Borders v. State (Tex. Cr. App.) 66 S. W. 1102; Territory v. Robertson, 19 Okl. 149, 92 P. 144; 7 Cyc. 148; 6 Am. & Eng. Ency. Law, p. 32; 19 R. C. L. p. 693 et seq.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

All the Justices concur.

## On Rehearing.

The words, "and if said ordinances so provided, they would have been contrary to the general law of the state. See Gen. Acts, 1919, p. 1036; Const. § 89," are beyond the necessities of the decision. It should be said that, since rendition of the decision, briefs of respective counsel have been examined, and, while there are contained references to Acts 1919 (p. 1030) and section 89 of the Constitution, there is no citation of the General Laws of 1923, p. 580. Hence it was natural that this court take citations of statute made by counsel as embracing the statutory provisions on the subject.

The last-named statute provides:

"That any city which has a population of not less than thirty thousand and not more than fifty thousand of inhabitants, according to the latest federal census or which may hereafter have such population according to any federal census hereafter taken, may fix and collect licenses for any business done within the police jurisdiction of such city and without the limits thereof; provided, however, that the amount of such licenses shall not be more than one-half the amount charged and collected as license for like business done within the limits of such city, fees and penalties, excluded." Gen. Acts 1923, p. 580.

The census referred to shows the city of Montgomery to be within the class. Fed. Census, Dept. of Com. "1920, Montgomery 43464." No other city had a population of not less than thirty nor more than fifty thousand inhabitants according to said last federal census. No case is now made calling for a construction of the last-cited statute in the application of an ordinance fixing and collecting license tax by the city of Montgomery for the doing of a business within its police jurisdiction and without its corporate limits.

Application overruled.

All the Justices concur.